**NATIONAL LIFE & ACCIDENT INS. CO. v. LOVE et al. (No. 319.)***

(Court of Civil Appeals of Texas. Waco. March 4, 1926. Rehearing Denied April 1, 1926.)

1. **Insurance ⚙️151(2), 650—Application and questions and answers of insured, which were not indorsed on, or attached to, policy, are not part of insurance contract, and are not admissible (Rev. St. 1925, arts. 5049, 5050).**

Where application for insurance policy and questions asked and answers given by insured in reference to her physical condition were not indorsed on, or attached to, the policy, as required by Rev. St. 1925, arts. 5049, 5050, neither of such instruments is any part of insurance contract, and neither is admissible for any purpose.

2. **Appeal and error ⚙️1010(1)—Finding, supported by ample evidence, that insured was in good health at time policy was delivered will not be disturbed.**

Question whether insured was in good health at time policy was issued and delivered being one of fact for trial court, court's finding thereon, supported by ample evidence, will not be disturbed by appellate court.

Appeal from McLennan County Court; James R. Jenkins, Judge.

Action by W. E. Love and others against the National Life & Accident Insurance Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Weatherby & Rogers, of Waco, for appellant.

Frank B. Tirey and S. J. T. Smith, both of Waco, for appellees.

STANFORD, J. This suit was filed by appellees against appellant on a life and accident insurance policy issued by appellant on the life of Georgia Love Phillips, in which policy appellee W. E. Love, her brother, was designated as beneficiary. The policy was issued September 24, 1923, and provided, in effect, that in case of the death of the assured the company would pay the beneficiary the sum of $287. The assured died on or about January 11, 1925. After her death, the beneficiary assigned an interest in said policy to the Waco Undertaking Company, which company joined as a plaintiff in this suit. Notice and proofs of death and demand for payment were duly made, and, on refusal of appellant to pay, this suit was filed to recover said $287, $100 as attorney's fees and 12 per cent. penalty. The case was tried before the court without a jury, and judgment rendered for appellees for $407.35, including penalties and attorney's fees.

### Opinion.

[1] By its second assignment, appellant complains of the action of the court in refusing to admit in evidence the application for said policy of insurance executed by the insured, in which appellant claims the assured made certain false and fraudulent representations as to her physical condition, diseases she had, operations performed, etc. But the record discloses that the policy of insurance issued in this case was not accompanied by a written, photographic, or printed copy of the application for such insurance, as well as a copy of all questions asked and answers given thereto. Neither the application for said policy nor any of the questions asked and answers given thereto in reference to her physical condition were indorsed upon said policy or attached thereto, as required by statute, and, this being true, neither of said instruments was any part of the insurance contract, and neither was admissible for any purpose. Articles 4951 and 4953, Vernon's Sayles' Rev. Statutes (articles 5049 and 5050, Rev. Statutes 1925); National Livestock Ins. Co. v. Gomillion (Tex. Civ. App.) 178 S. W. 1050; National Livestock Ins. Co. v. Gomillion (Tex. Civ. App.) 179 S. W. 671; Knodel et al. v. Equitable Life Ins. Co. (Tex. Civ. App.) 193 S. W. 1139; North American Accident Ins. Co. v. Hodge (Tex. Civ. App.) 208 S. W. 700; Liverpool, etc., Ins. Co. v. Baggett (Tex. Civ. App.) 275 S. W. 313. The trial court properly excluded said evidence.

With this evidence excluded, there was no evidence before the court that the assured, at the time she applied for said policy, made any untrue statement as to her physical condition, or of any diseases she had had or medical treatment, or operation performed, and removes from the case all of appellant's contentions that said policy should be held to be void because obtained on false and fraudulent representations of the assured as to her physical condition, etc.

[2] Under appellant's first assignment, it contends the court erred in rendering judgment for plaintiff, because the policy provided that "no obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in good health." The record discloses that about January 20, 1923, a surgeon performed an operation on the assured in a sanitarium by removing a fibroid tumor; that she was discharged from the sanitarium, and from further treatment in about three weeks, and appeared to have fully recovered, and did her usual work. In September, 1923, at the time said policy was issued, and on up to about a month before she died on January 11, 1925, she seemed to be in her usual health, and did her usual work, such as scrubbing, house-cleaning, washing, and cooking. The judgment of the trial court for appellees implies a finding on his part that on September 24, 1923, the time the policy was issued and delivered to the assured, she was in good health,

and, as this was a question of fact for the trial court, and said court having found that the assured at said time was in good health, and there being ample evidence to support same, it is our duty to approve such finding of the trial court. Hines v. Kansas City Life Ins. Co. (Tex. Civ. App.) 260 S. W. 688, and cases there cited.

We have examined all of appellant's assignments, and find no reversible error in any of them. We therefore overrule all of appellant's assignments. The judgment of the trial court is in all things affirmed.