## SOUTHERN INS. CO. v. NICHOLSON. (No. 477.)

(Court of Civil Appeals of Texas. Waco. Feb. 24, 1927.)

1. **Insurance ⚖══650—Application and applicant's answers to questions held inadmissible to show misrepresentations, where not attached to policy (Rev. St. 1925, art. 5049).**

Where neither application nor questions and answers were attached to, or accompanied, life insurance policy, neither was admissible in evidence in action on policy for purpose of showing alleged misrepresentations of insured under Rev. St. 1925, art. 5049, requiring that every insurance policy issued in state shall be accompanied by photographic or printed copy of application, with copy of all questions asked and answers given thereto; secondary evidence of contents being also inadmissible.

2. **Insurance ⚖══389(9)—By issuing policy to person over 54, it was presumed insurer waived provision in policy excluding risks over 54.**

Where insurer issued policy to person over 54 years of age, it was presumed insurer waived policy provision limiting risks to persons under 54, in absence of showing of misrepresentations.

3. **Insurance ⚖══151(2)—Application and questions and answers not attached to insurance contract did not become part thereof, despite incorporation by reference in policy (Rev. St. 1925, art. 5049).**

Where neither application nor questions and answers of insured were attached to, or accompanied, policy, as required by Rev. St. 1925, art. 5049, neither became part of insurance contract, despite provision in policy that application became part thereof.

4. **Insurance 379(4)—Where insurer, without questioning assured, placed age at 45, that assured was over age limit of risks was not misrepresentation avoiding policy.**

Where insurer asked assured no question as to age, but placed it at 45, when assured was in fact 55, one year older than risks assumed by company under terms of policy, no false representations were made by assured forfeiting policy.

5. **Insurance ⚖══146(3)—Contracts of insurance should be construed so as to avoid forfeiture.**

Contracts of insurance are to be construed favorably to assured so as to avoid forfeiture.

6. **Insurance ⚖══146(3)—Court will not read into insurance contract invalidating clause not actually incorporated therein.**

Court will not read into insurance contract invalidating clause which insurer has not seen fit to incorporate therein.

7. **Insurance ⚖══254—Insurer's defense of misrepresentation is based on false answers of assured or beneficiary.**

In order to base defense on misrepresentation of assured or beneficiary as to age, representation must be shown by false answers to questions signed by assured or beneficiary.

8. **Insurance ⚖══559(2)—Refusal of insurer to pay face of policy constituted waiver of proof of death.**

Where proof of death under life insurance policy was not sufficient, insurer's refusal to pay beneficiary constituted waiver of furnishing proof of death.

Appeal from County Court, McLennan County; Jas. R. Jenkins, Judge.

Action by Carrie Nicholson against the Southern Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Jos. W. Hale and W. C. Taylor, both of Waco, for appellant.

S. J. T. Smith, of Waco, for appellee.

───────────────────

⚖══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

STANFORD, J. Appellee instituted this suit in the justice's court against appellant to recover on an insurance policy issued to appellee's mother, Gennie Whitther, in which appellee was designated as beneficiary. The case was appealed from the justice's to the county court, where it was tried before the court without a jury, resulting in a judgment for appellee, from which judgment this appeal is prosecuted.

[1, 2] Under a number of assignments, appellant contends that, where the policy stipulates that the insurer will not accept risks over 54 years of age, same is a valid provision, and binding upon assured and the beneficiary, even though assured made a written application for said policy, and said application was not attached to said policy as provided by law; and that, in such case, evidence should be admitted to prove the insured was over 54 years of age; and that, in the event such evidence shows the assured was over 54 years, the assured is not entitled to recover on the policy, but is entitled to recover only the premium paid. In other words, appellant contends that failure to attach the application, as the statute requires, does not affect the validity or enforcement of provisions contained in the policy, but only the provisions contained in the application. And the same contention is raised by other assignments in reference to provisions contained in the policy to the effect that appellant must be in sound health when the policy is delivered. In the county court appellant pleaded orally that:

"The policy was invalid and void because of false and fraudulent warranties and representations made in the application as to age and health of insured at time the insurance was applied for, which were material, and affected the risk assumed, same being that insured was 45 years old, when in fact she was more than 55 years old, and that her health was good, when in fact it was bad, and she was an invalid. The policy was void, and never became effective and in force because of age and health according to its terms, which are material, and affect the risk assumed, and was ineffective, invalid, and void because of same, according to its terms, which are material, and affect the risk assumed."

The policy provides:

"Risks will not be accepted by this company * * * over the maximum age of 54 next birthday, * * * and, in the event the proper age is not within the * * * maximum age at which the company writes policies of this class, the premiums paid on the policy shall be the full amount due under same."

The policy further provides:

"The applicant must be in sound health when this policy is delivered, and no liability is assumed by the company prior to the date hereof, nor unless on said date and delivery of the policy the first payment has been legally made."

The policy gives the age of the assured as 45 years. The policy recites:

"In consideration of the application for this policy, which is hereby referred to and made a part of this contract, and in further consideration of the payment on or before the date hereof of the premium stated in the schedule below, * * * the company doth hereby agree * * * to pay to the beneficiary the amount of death benefit provided herein," etc.

The policy provides further:

"If the representations upon which this policy is granted be not true; * * * this policy shall thereupon become void," etc.

Article 5049, Revised Statutes of 1925, provides as follows:

"Every contract or policy of insurance issued or contracted for in this state shall be accompanied by a written, photographic or printed copy of the application for such insurance policy or contract, as well as a copy of all questions asked and answers given thereto."

[3-6] Neither the application for the policy, nor any questions and answers on which it was issued, were attached to, or accompanied, said policy, as required by article 5049 of our Statutes above. This being true, neither said application nor questions and answers became any part of the insurance contract, and neither was admissible in evidence for any purpose, nor was secondary evidence of their contents admissible for any purpose. National Live Stock Ins. Co. v. Gomillion (Tex. Civ. App.) 178 S. W. 1050; also, Id. (Tex. Civ. App.) 179 S. W. 671; Southwestern Surety Ins. Co. v. Hico Oil Mill (Tex. Com. App.) 229 S. W. 479. The policy provides:

"The applicant must be in sound health when this policy is delivered, and no liability is assumed by the company prior to the date hereof, nor unless on said date and delivery of this policy the first payment has been legally made."

It will be noted from the above provision that appellant assumed no liability prior to the date of the policy, nor unless on said date the first payment of premium has been made; but there is no provision in the policy forfeiting it or preventing its becoming effective, if the assured was not in sound health at the time the application was made, or at the time the policy was delivered. If such provision was contained in the application, as the application was not attached to, or accompanied, the policy, it became no part of the insurance contract. Contracts of insurance are to be construed favorably to the insured, and, if consistent with its express terms, so as to avoid a forfeiture, and as a matter of course this court will not read into such contract an invalidating clause where the insurer has not seen fit to incorporate such into its contract. All of appellant's assignments based upon its conten-

tion that the policy was forfeited by reason of false statements as to the assured's health, that it never became effective by reason of her bad health at the time same was delivered, and the refusal of the court to admit evidence of the condition of her health, etc., are hereby overruled.

In the policy the age of the assured is represented to be 45. The policy provides the company will not accept risks over the age of 54. The representations contained in the application are by the policy made a part of the consideration for the insurance contract. The policy further recites:

"If the representations upon which this policy is granted be not true, * * * this policy shall thereupon become void."

If appellant asked the assured no question as to her age, but placed it at 45, when she was 55, one year older than risks assumed by appellant, then appellant made no false representations as to her age, and the policy could not be forfeited. Neither would the policy fail to become effective by reason of the assured's being over the age limit, but it would be presumed appellant waived the age limit, as it had a right to do. Royal Neighbors v. Sims (Tex. Civ. App.) 216 S. W. 240; Phœnix Assur. Co. v. Munger, etc., Co. (Tex. Civ. App.) 49 S. W. 276; Thies v. Mutual Life Ins. Co., 13 Tex. Civ. App. 280, 35 S. W. 676; Insurance Co. v. Raddin, 120 U. S. 183, 7 S. Ct. 500, 30 L. Ed. 644; Manhattan Ins. Co. v. Willis (C. C. A.) 60 F. 236; Insurance Co. v. Luchs, 108 U. S. 498, 2 S. Ct. 949, 27 L. Ed. 800; 3 Cooley's Briefs on Insurance, 2634. If appellant did make inquiry as to the age of the assured, then the application for said policy or the questions asked and the answers given thereto would disclose the question asked and the answer given by the assured as to her age. As stated above, article 5049, R. S. 1925, provides:

"Every contract or policy of insurance issued or contracted for in this state shall be accompanied by a written, photographic or printed copy of the application for such insurance policy or contract, as well as a copy of all questions asked and answers given thereto."

In the case of Southwestern Surety Ins. Co. v. Hico Oil Mill, opinion by the Commission of Appeals, approved by our Supreme Court, the court, after reviewing what are now articles, 5043, 5044, and 5049, also the title to the amendment embracing said articles, says:

"The purpose of the Legislature, as declared in the title, was to provide conditions upon which a defense might be made to a suit on a contract of insurance on the ground of misrepresentations made in the application or in the contract. Such misrepresentations are referred to in article 3096aa [now 5043] as false answers or statements made in the application or in the contract. * * * It is fair to assume, therefore, that the Legislature intended that the copies referred to should be such as would include the misrepresentations referred to in articles 3096aa and 3096bb, respectively [now articles 5043 and 5044]. The language of article 4951 [now 5049] requiring a copy of the application as well as 'a copy of all questions asked and answers given thereto' to accompany the policy, is broad enough to include representations made either in the application or in the contract."

[7] The term "questions asked and answers given thereto," contained in article 5049, supra, does not mean that same must be contained in the application, but same may be contained in a separate instrument, and the answers made by the beneficiary or other person interested in the contract, but still, to authorize a defense based on a misrepresentation contained in the policy or said separate instrument, said application or separate instrument, if any, from which the representation is taken, must be attached to, or accompany, said policy. Southwestern Surety Ins. Co. v. Hico Oil Mill, supra. In the policy the assured's age was represented to be 45. If this representation was the true age of the assured, then there could be no question as to the validity of the policy. Neither the insured nor beneficiary had anything to do with writing the policy. It was written by the insurer on data or representations supposed to have been made by the assured or beneficiary in the "application or questions asked and answers given thereto," so the statement of the assured's age in the policy was made, not by the assured or beneficiary, but by the insurer, and it is not to be presumed the insurer correctly copied same. If "a written, photographic or printed copy of the application for such insurance policy or contract, as well as a copy of all questions asked and answers given thereto," had accompanied said policy, as required by article 5049 of our Statutes, then such application or questions and answers would have been admissible in evidence, and would have established what representation the assured or her beneficiary made as to her age, and, if same had shown her age to be 55, if such was her age, then no false representation was made as to her age, and other evidence as to her age would have been immaterial, and also the policy would be valid, for the act of the company in inserting her age as 45 in the policy, when it knew from the application or questions and answers she was 55, would be a waiver as to the question of age and age limit. If the application or questions and answers made by the assured or her beneficiary had represented her age as 45, then it would have been permissible to show by witnesses who knew that the representation in the application or questions and answers was false that she was in fact, at the time she signed the application, 55 and not 45, as represented. In order to base a defense on a representation made by the

insured or her beneficiary as to her age, it must be shown that such representation was false, and this cannot be shown unless it is shown what representation was made by her or her beneficiary as to her age, and such representation can be shown only by the application or questions and answers signed by the assured or her beneficiary, and, these being inadmissible because not accompanying the policy, as required by statute, appellant could not base a defense on an alleged false representation as to her age contained in the policy. As held by our Supreme Court in the case of Southwestern Surety Ins. Co. v. Hico Oil Mill, supra, the purpose of the Legislature in enacting article 5049 was to provide conditions upon which a defense might be made to a suit on a contract of insurance on the ground of misrepresentations made in either the application or in the contract. Appellant, not having complied with such condition as provided by article 5049, could not base a defense on the alleged misrepresentation of the insured as to her age contained in the policy. All these assignments are overruled.

[8] Under other assignments appellant contends that no proper proof of death was made and no proper demand for payment, necessary in order to entitle appellee to recover attorney's fees and penalties, etc. The court found, in effect, that within two or three days after the death of the insured, appellee demanded of the proper officers of appellant the payment of her said claim, and said demand was refused, except as to the premium of $7.50, which appellee had paid. The court further found, in effect, that later a proof of death, complete, except one affidavit, was furnished, and request for payment made, and that no objection was made by appellant as to the form or sufficiency of the proof of death or request for payment until after the trial of the case was begun in the county court. These findings are not challenged by appellant by any assignments of error. The proof of death furnished and the demand for payment made were sufficient, but, if the proof was not sufficient, appellant, by its refusal to pay, had waived the furnishing of any proof of death. These assignments are overruled.

We have considered all assignments, and, finding no reversible error, affirm the judgment of the trial court.