**AMERICAN INDEMNITY CO. v. BALDWIN MOTOR CO. (No. 3715.)**

Court of Civil Appeals of Texas. Texarkana. June 20, 1929.

Rehearing Denied July 4, 1929.

McCormick, Bromberg, Leftwich & Carrington, of Dallas, and T. B. Ramey, Jr., of Tyler, for appellant.

Butler, Price & Maynor, of Tyler, for appellee.

HODGES, J. In August, 1927, the Baldwin Motor Company sold a secondhand automobile to Albon Harrison for the sum of $1.442.-42, to be paid thereafter in installments. Harrison executed a mortgage on the automobile to secure the deferred payments. Upon an application made by the Baldwin Motor Company, a policy of insurance was issued by the plaintiff in error, insuring the owner of the automobile against loss by fire. The policy contained a provision which made the loss, if any, payable to the Baldwin Motor Company as mortgagee. While the policy was in force the automobile was destroyed by fire. After the fire Harrison transferred his entire claim against the insurance company to the Baldwin Motor Company. Upon the refusal of the plaintiff in error to pay the loss resulting from the fire, the Baldwin Motor Company filed this suit, alleging that the automobile was totally destroyed, and asking for a judgment for the sum of $1,100, the full amount stated in the policy.

Among other defenses, the plaintiff in error pleaded that the Baldwin Motor Company was the agent of the insured in procuring the issuance of the policy, and represented to the agent of the plaintiff in error who issued the policy that the car to be insured was a 1926 model exceeding $1,500 in value, and gave the motor number as ER-3530, and that plaintiff in error issued the policy relying upon those representations; that in the application the car was described as an ER, or 1926, model, when in fact the car was an EP, or 1925, model, worth less than $500. It was further alleged that, if the defendant had known that the car was a 1925 model, it would not have insured it for as much as $1,100; that the misrepresentations as to the model and value of the car were fraudulently made, for the purpose of procuring a greater amount of insurance than would have been issued if the truth had been disclosed.

In a supplemental petition the defendant in error excepted to that portion of the answer above stated, upon the ground that it was not therein alleged that a written or photographic copy of the application for the insurance was attached to the policy, as required by the statute. That exception was sustained, and the ruling is one of the assigned errors. In the trial of the case the court submitted only two issues to the jury, both of which related to the amount of the damage resulting from the fire. The jury found that the loss was total, and the value of the car at the time it burned was $1,100, the amount for which it was insured.

The policy sued on contained the following description of the car: "Model, Big Six. Year, 1926. Trade-Name, Studebaker. Type of Body, Sedan. Serial Number, 2065656. Motor Number, ER–3530." The evidence shows that the policy was issued on a written application sent by mail to Herndon &

Cox, local agents of the plaintiff in error. During the progress of the trial, and after it had been shown that a written application had been made for the insurance, the plaintiff in error offered the application in evidence, for the purpose of proving that the car to be insured was therein described as a 1926 model. The plaintiff in error also offered to prove by the witness who prepared the policy that the description of the car was correctly copied from that contained in. the application. Both the application and the parol testimony was excluded on objection by the defendant in error. The grounds of the objections were that no copy of the application had been attached to the policy. In the assigned errors, complaint is made of the ruling of the court in sustaining the exception to the defense of fraud and misrepresentations, and in refusing to admit the evidence above referred to.

■ Article 5049 of the Revised Civil Statutes of 1925 contains the following provision: "Every contract or policy of insurance issued or contracted for in this state shall be accompanied by a written, photographic or printed copy of the application for such insurance policy or contract, as well as a copy of all questions asked and answers given thereto."

It has been definitely decided in this state that, when the above provisions are not complied with, the application for insurance cannot be used as evidence of misrepresentation and fraud. Southwestern Surety Ins. Co. v. Hico Oil Mill .(Tex. Com. App.) 229 S. W. 479; Southern Ins. Co. v. Nicholson (Tex. Civ. App.) 292 S. W. 569, and cases there referred to; Liverpool & London & Globe Ins. Co. v. Baggett (Tex. Civ. App.) 275 S. W. 313; American Surety Co. of New York v. West State Bank (Tex. Civ. App.) 4 S.W.(2d) 312. In the first above referred to, in discussing the purpose for which the statutory requirement was made, the court said:

"Joyce on the Law of Insurance, vol. 1, § 190d, states that statutes of the character of article 4951 are intended to protect the policy holder by requiring the insurer to place in his hands written evidence of all the terms, conditions, and representations to be incorporated or embodied in the policy. Prior to the enactment of the amendment, it was permissible for insurance companies to make representations not contained in the policy, or accompanying it, a part thereof by reference. Goddard v. Insurance Co., 67 Tex. 69, 1 S. W. 906, 60 Am. Rep. 1; Seiders v. Life Ass'n, 93 Tex. 194, 54 S. W. 753. Such representations could be retained exclusively by the company issuing the policy. The insured persons, on receipt of their policies unaccompanied by such instruments and statements, might fail to correct errors therein that otherwise would be corrected. In consequence of misrepresentations and incorrect statements made and not corrected—whether for lack of opportunity on the part of the insured, or for other reasons—policy obligations were avoided through defenses based thereon. Equitable Life Ins. Co. v. Hazlewood, 75 Tex. 338, 12 S. W. 621, 7 L. R. A. 217, 16 Am. St. Rep. 893; Life Ass'n v. Parham, 80 Tex. 519, 16 S. W. 316; Seiders v. Life Ass'n, supra; Kansas Mutual Life Ins. Co. v. Pinson, 94 Tex. 553, 63 S. W. 531; Hutchison v. Hartford Life & Annuity Ins. Co. ([Tex. Civ. App.] writ denied) 39 S. W. 325. The Legislature, as a part of its plan to provide conditions on which misrepresentations could be interposed as a defense to suits on insurance policies, and to remove some of the harshness of the law as it then existed as affecting policy holders, required that the copies specified in article 4951 should accompany the policy when issued. In view of the fact that injury could, result to the policy holder as a result of noncompliance with such conditions on the part of the insurer, the requirement was doubtless intended to be mandatory. Lewis' Sutherland on Statutory Construction, § 269."

■■ Counsel for plaintiff in error insist that, since the misrepresented facts appear in the body of the policy, thus furnishing the insured notice of the conditions on which the insurance was given, the statute has no application. It is true the policy does erroneously describe the car as a 1926 model. But the important inquiry is: Who is responsible for that misdescription? The agents of the insurer wrote the policy. If they are responsible for the error, the insurer cannot escape liability upon the ground of fraud and misrepresentation by the insured. The appearance of an erroneous description on the face of the policy will not justify the presumption that the error resulted from a fraudulent misrepresentation presented in the application.

■■ In this case it appears that the only description given as to the kind and model of the car to be insured was contained in the application sent by mail to the agents of the plaintiff in error. That instrument, if admissible, was the best evidence of what it contained. If it was not admissible, because not attached to the policy, parol evidence of its contents was for the same reason inadmissible.

It is also true that the policy contained the following provision under the head of warranties: "The assured's occupation or business, where the subject of this insurance is used in connection therewith, the description of the automobile insured, the facts with respect to the purchase of same, the uses to which it is and will be put, and the place where it is usually kept, as set forth and contained in this policy, are statements of facts known to and warranted by the assured to be true, and this policy is issued by the company relying upon the truth thereof." There was no plea setting up a breach of warranty, and the record contains no specific

complaint of the judgment upon that ground. There is an assignment complaining of the refusal of the court to give a peremptory instruction in favor of the plaintiff in error, but the propositions presenting that assignment set forth an entirely different reason why the instruction should have been given. Apparently the only defense relied on in the trial below, and in this appeal, is fraudulent misrepresentation of the model of the car insured.

We think the evidence was sufficient to sustain the finding of the jury as to the value of the car at the time of the loss.

The judgment will be affirmed.