### FIRST TEXAS PRUDENTIAL INS. CO. v. PEDIGO et al.

#### No. 937.

Court of Civil Appeals of Texas. Waco.
Sept. 18, 1930.

Rehearing Denied Oct. 30, 1930.

Williams, Williams, McClellan & Lincoln, of Waco, for appellant.

Conway & Scharff, of Waco, for appellees.

STANFORD, J.

This suit was filed by appellees, Andrew Pedigo and F. M. Compton, to recover from appellant $282 on an insurance policy issued by appellant upon the life of Bertha Pedigo, deceased; appellee Andrew Pedigo, the surviving husband, having been designated as beneficiary in said policy. F. M. Compton, who owned an interest in said policy, also joined in said suit as a party plaintiff.

The issues made by the pleadings and the material parts of the policy will be set out in our disposition of appellant's assignments. It appeared without controversy that the policy was issued and delivered, and that the insured died on the date alleged. In response to one special issue submitted by the court,

the jury found "that the deceased, Bertha Pedigo, was in perfect health and free from infirmities on the date the policy in question was delivered to her." It was agreed by counsel for all parties to said suit that $100 was a reasonable attorney's fee for plaintiffs for the prosecution of said suit. The court found the facts necessary to be found to entitle appellees to recover 12 per cent. damages, and reasonable attorney's fees in the sum of $100, and entered judgment against appellant for the principal amount of said policy, reasonable attorney's fees, and penalty, in the total amount of $425.24. Appellant has duly appealed and presents the record here for review. We will not undertake to discuss appellant's propositions in the order in which they appear in its brief.

Appellant contends, in effect, that the court erred in refusing to instruct a verdict for appellant, and as a basis for this contention cites the following provision of said policy: "This policy is void and of no effect * * * (1) If the insured dies before the date hereof * * * or if on said date of delivery * * * the insured be not in perfect health and free from injury or infirmities." And cites the fact that insured was pregnant on the date of the issuance and delivery of the policy as conclusive proof that she was not on said date in perfect health and free from infirmities. The record shows the assured was a married woman and had been such for several years; that the policy was issued and delivered to her on October 1, 1928; that on March 4, 1929, the assured gave birth to a child, and on March 31, 1929, the assured died. The application for the policy contained the statement: "I am not now pregnant." This application, however, was not indorsed on, nor attached to, the policy, as required by article 5049 of the Revised Civil Statutes, and upon the ground said application was not so indorsed or attached, the court refused to admit same in evidence, to which action of the court appellant duly excepted and urges said action of the court as error.

We will first consider whether or not the court was in error in excluding the application. Article 5049, Revised Statutes of 1925, provides as follows:

"Every contract or policy of insurance issued or contracted for in this State shall be accompanied by a written, photographic or printed copy of the application for such insurance policy or contract, as well as a copy of all questions asked and answers given thereto."

The above provision of the statute is clear and explicit, evidencing the intention of the Legislature that the assured shall be furnished with indisputable evidence of the contents of the application and thereby be enabled to avoid errors and unnecessary lawsuits. Said article provides further:

"The provisions of the foregoing articles shall not apply to policies of life insurance in which there is a clause making such policy indisputable after two years or less, provided premiums are duly paid."

Appellant contends that where the policy contains a clause making the policy indisputable after two years or less, as in this case, provided premiums are duly paid, the provisions of this article do not apply. This contention cannot be sustained. It will be observed the second sentence in article 5049 is: "The provisions of the *foregoing articles* shall not apply to policies of life insurance in which there is a clause making such policy indisputable after two years or less, provided premiums are duly paid." What are the "foregoing articles," to which reference is here made? They certainly are no part of article 5049, the one under consideration, but they are the "foregoing articles," and clearly, we think, articles 5043, 5044, 5045, and 5046, all of them dealing with the question of misrepresentations as a defense, are the articles to which reference is made. The article under consideration simply provides that "the provisions of the foregoing articles shall not apply to policies of life insurance in which there is a clause making such policy indisputable after two years or less, provided premiums are duly paid." There is no provision in article 5049, or any other statute, that relieves the insurer of the duty of attaching or indorsing the application, together with the questions and answers in the application, on the policy, as prescribed in article 5049, Revised Civil Statutes. The last clause of article 5049, we think, tends to support our construction of said article, and is as follows:

"Provided, further, that no defense based upon misrepresentation made in the application for * * * any contract of insurance * * * shall be valid or enforceable in any suit brought upon such contract two years or more after the date of its issuance, when premiums due on such contract for the said term of two years have been paid to, and received by, the company issuing such contract, without notice to the assured by the company so issuing such contract of its intention to rescind the same on account of misrepresentations so made, unless it shall be shown on the trial that such misrepresentation was material to the risk and intentionally made."

Article 5050 also provides:

"Every policy of insurance issued or delivered within this State by any life insurance company doing business within this State, shall contain the entire contract between the parties, and the application therefor may be made a part thereof."

It is well settled in this state that if the application is not indorsed or attached to

the policy, as provided by article 5049, then it is no part of the contract, and is therefore not admissible in evidence. All of these provisions of the statute, we think, should be construed together, and when so construed, there can be no doubt as to the meaning of said statute. We think the court was correct in refusing to admit said application in evidence. Articles 5049 and 5050, Revised Civil Statutes; National Live Stock Insurance Co. v. Gomillion (Tex. Civ. App.) 178 S. W. 1050 (writ refused); National Life & Accident Insurance Co. v. Love et al. (Tex. Civ. App.) 282 S. W. 829 (writ dismissed); Southern Insurance Co. v. Nicholson (Tex. Civ. App.) 292 S. W. 569; American Surety Co. of New York v. West State Bank (Tex. Civ. App.) 4 S.W. (2d) 312; American National Insurance Co. v. Smith et al. (Tex. Civ. App.) 13 S.W.(2d) 720 (writ refused); American Indemnity Co. v. Baldwin Motor Co. (Tex. Civ. App.) 19 S. W.(2d) 848.

The application not being indorsed or in any way attached to the policy, as required by articles 5049 and 5050 of the Revised Statutes, same was no part of the insurance contract, and was not admissible for any purpose, and hence there was and could be no evidence that the assured made any false statement in the application to the effect that she was not pregnant. What is said here, we think, is sufficient to dispose of appellant's entire defense and require an affirmance of the case. However, we will say further, if the court was in error in excluding the application, such, we think, was harmless error. As stated above, the policy provided:

"All statements made by the assured shall, in the absence of fraud, be deemed representations and not warranties. This policy is void and of no effect * * * in event of any of the following, to wit: (1) If the insured dies before the date hereof or before the date of actual delivery to and acceptance by the insured of this policy, * * * or if on said date of delivery and acceptance the insured be not in perfect health, and free from injury or infirmities."

As above stated, the policy was issued and delivered to the assured on October 1, 1928. On March 4, 1929, the assured gave birth to a child. The assured died March 31, 1929. In answer to a question contained in the application, the assured answered: "I am not pregnant." There is no evidence that the assured's being pregnant or giving birth to a child in any way caused or contributed to her death, and appellant does not so contend, but does contend that from the mere fact she was pregnant when the policy was delivered, regardless of how well she may have felt, and regardless of how well she may have gotten along during pregnancy and childbirth, she was not "in perfect health

and free from injury or infirmities." Evidence of a number of physicians, including the family physician of the assured, was introduced upon this issue and said issue of fact submitted to the jury, which found "that the deceased, Bertha Pedigo, was in perfect health and free from infirmities on the date the policy in question was delivered to her." This finding of the jury is amply supported by the evidence. If the court was in error in excluding the application, such error was harmless. It was at least, under the evidence, an issue of fact for the jury as to whether she was in perfect health, although pregnant, and the jury resolved this issue in favor of appellees.

We have considered all of appellant's assignments, and finding no reversible error, overrule same and affirm the judgment of the trial court.