## NATIONAL LIFE & ACCIDENT INS. CO. v. COLLIER et al.

### No. 1999.

Court of Civil Appeals of Texas. Beaumont. Oct. 2, 1930.

Rehearing Denied Oct. 15, 1930.

Sonfield & Sonfield, of Beaumont, for appellant.

David E. O'Fiel, of Beaumont, for appellees.

O'QUINN, J.

Appellees sued appellant to recover upon an insurance policy issued by appellant to Flossie E. Griffith in which Sarah T. Collier was named as beneficiary. The policy was issued July 23, 1928, and provided that in case of death of the assured the company would pay the beneficiary the sum of $327. The assured died October 15, 1928. The necessary proof of death and demand for payment of the sum named in the policy were duly made. Payment was refused. Appellees then filed this suit and prayed for recovery of the sum named in the policy, $327, the statutory penalty, and attorney's fees in the sum of $250.

Appellant answered by general demurrer, general denial, and specially, as follows: "1. Further specially answering herein if required, and subject to the foregoing demurrers and exceptions, defendant says that on or about towit the 9th day of July, 1928, Flossie E. Griffith made application to defendant for a policy of insurance in the principal sum of Three Hundred and Twenty Seven ($327.00) Dollars, in which said application, a true copy of which is hereto attached and made a part hereof for all purposes, the following questions, among others were propounded to the said Flossie E. Griffith:

"Question: 'Are you in good health?'

"Answer: 'Yes.'

"Question: 'Have you ever had heart disease, asthma, tuberculosis, cancer, ulcera, diabetes, fits, hernia, kidney disease, lumbago, syphilis, paralysis, rheumatism, sciatica, vertigo, or any illness or disorder of the brain, lungs, spine or nervous system, or any disease not common to both sexes; or suffered the total or partial loss of a hand, foot, eye or the use thereof? If yes, give particulars.'

"Answer: 'None.'

"Question: 'What medical or surgical attention have you had in the last 5 years?'

"Answer: 'None.'

"2. It was agreed between the parties in said application as follows:

"'I hereby apply for insurance for the amount herein named, and I declare that the answers to the above questions are complete and true, and were written opposite the respective questions by me, or strictly in accordance with my directions I agree that said answers, with this declaration, shall form the basis of a contract of insurance between me and the National Life & Accident Insurance Company, and that the policy which may be granted by the Company in pursuance of this application shall be accepted subject to the conditions and agreements contained in such policy.'

"3. That the defendant, believing and relying upon the truthfulness of the answers and

representations contained in said application and in consideration of the agreements therein contained and the premium paid, and without any knowledge of the falsity of any of said answers, was induced to and did execute a policy of insurance upon the life of said Flossie E. Griffith, which said policy is in possession of the plaintiff herein, and that such policy would not have been issued by this defendant but for said false, fraudulent and material misrepresentations made in the application of the said Flossie E. Griffith, for insurance.

"4. That the said policy of insurance so issued upon the life of said Flossie E. Griffith contained the following condition precedent to the contract and policy of insurance:

" 'No obligation is assumed by the Company prior to the date hereof nor unless on said date the insured is alive and in sound health. Should the proposed insured not be alive or not be in sound health on the date hereof any amount paid to the company as premium hereon shall be returned.'

"5. That subject to the above and other conditions in said application and policy contained, and by reason of the false, fraudulent and material misrepresentations as hereinabove stated, defendant insured the life of the said Flossie E. Griffith and agreed to pay the sum of Three Hundred and Twenty Seven ($327.00) Dollars to Sarah T. Collier, the beneficiary named in said policy and the plaintiff herein.

"6. That on the date of said application and policy of insurance issued thereon the said Flossie E. Griffith was not in sound health as represented by her in her said application, thereby making her representations in her said application false, fraudulent and material to the risk, and by reason of her unsound health the condition precedent to the contract and promise of insurance was breached so that the policy here sued on never became of any force or effect, and this defendant here now specially pleads such breach and denies any liability on said policy.

"7. That there has been paid as premiums, including interest thereon to date, on said policy the sum of Two and eighty-five /100 ($2.85) Dollars, and this defendant here now tenders into the registry of the court said sum of Two and eighty-five ($2.85) Dollars and prays the court that the plaintiff be required to accept and receipt the clerk for said sum as in full and complete settlement and satisfaction of her claim as herein sued for."

Appellees, by supplemental petition, replied to appellant's answer denying all the special matters pleaded by appellant, and alleging that, at the time of the issuance and delivery of the policy, the insured was in good health; that insured did not die of any disease or ailment which began or had its inception prior to the date of the issuance of the policy, but that she died of pneumonia contracted subsequent to the issuance and delivery of the policy; pleaded article 4732, R. S. 1925, that whatever statements insured made in her application for the insurance policy were representations and not warranties, and article 5043, R. S., that same were not material to the risk, nor contributed to the death of assured.

At the close of the evidence, appellant moved for an instructed verdict, which was refused, and the case was then submitted to a jury upon two special issues, to wit:

"Question 1: Do you find from a preponderance of the evidence that Flossie E. Griffith was in sound health on the 23rd day of July, A. D. 1928, the date of the issuance to her of the life insurance policy in question? Answer: Yes."

"Question 2: If you have answered Question 1 'yes,' and only in that event, then you will answer the following question: What do you find to be a reasonable attorney's fee for the services rendered in this cause by the attorney for the plaintiff? Answer: $100."

Upon the answers of the jury to the special issues, judgment was rendered in favor of appellees in the sum of $467.87, being for the amount of the policy, $327, penalty $40.87, and $100 attorney's fees. Motion for a new trial was overruled, and appellant brings this appeal.

Appellant presents only two propositions for a reversal of the judgment. The first is: "The uncontroverted evidence discloses that false representations were made in the application for insurance."

The question whether insured made false representations in her application for insurance was one of fact to be determined by the jury. No such issue was submitted to the jury, and none was requested to be submitted. No objections to the charge were made. Under article 2185, R. S., appellant waived its objections, if any it had, to the court's charge in not submitting the question of the falsity of answer to any interrogatories in the application. Article 2190, R. S., provides that, when a case is submitted on special issues, the court shall submit all issues made by the pleadings, and that failure to submit an issue shall not be deemed a ground for a reversal of the judgment, unless its submission has been requested in writing by the party complaining of the judgment. It further provides that, upon appeal or writ of error, an issue not submitted and not requested to be submitted is deemed as found by the court in such manner as to sustain the judgment if there is evidence to sustain such finding. We think that, as the court

submitted an issue only as to insured's good health at the time the policy was delivered, and no request was made for the submission of an issue as to the falsity of any statement made by insured in her application for the policy, it must be held that the court found that the incorrectness, if any, of any of applicant's answers to questions in the application for the policy was not with fraudulent intent, and not material to the risk, and by appellant's failure to request the submission of the issue to the jury it waived its objection to the court's finding on this issue, and we also think there is evidence to sustain such finding by the court.

■ Furthermore, the law provides that every life insurance policy issued or delivered in this state shall constitute the entire contract of the parties. Article 5050, R. S. Article 5049, R. S., requires that every contract or policy of insurance shall be accompanied by a written, photographic, or printed copy of the application for such insurance policy or contract, as well as a copy of all questions asked and the answers given thereto. It has been held that the effect of a failure to attach the application and questions and answers to a policy is to exclude them from the contract, and in that event they are not available as a defense. National Life & Accident Ins. Co. v. Love (Tex. Civ. App.) 282 S. W. 829; Southern Insurance Co. v. Nicholson (Tex. Civ. App.) 292 S. W. 569; American Surety Co. v. West State Bank (Tex. Civ. App.) 4 S. W. (2d) 312; American Indemnity Co. v. Baldwin Motor Co. (Tex. Civ. App.) 19 S. W. (2d) 848. The agreed statement of facts filed herein does not contain the insurance policy involved. It does contain the statement that "said policy of insurance, together with the application on which such policy was issued, was introduced in evidence." Whether the application, questions, and answers were attached to the policy, or whether separately offered in evidence, does not appear, unless the above-quoted statement so shows, and it may be that they were not attached to the policy as required by law, and that for that reason the issue was not submitted or requested to be submitted.

Appellant's second proposition is: "The false representations made by insured in her application for insurance were as a matter of law material to the risk assumed by the insurer and the court should have granted applicant's motion for a peremptory instruction."

■ Whether any answers of applicant in her application for insurance were false, and if false were material to the risk assumed, was one of fact to be determined by the jury. No such issue was submitted, nor was there any such issue requested to be submitted. Under article 2190, R. S., it was the duty of appellant, in order to entitle itself to complain in this court of a matter not submitted to the jury by the trial court, to have requested the submission of such issue in writing. Moore v. Pierson, 100 Tex. 113, 117, 94 S. W. 1132. By not doing so, it waived the submission of such issue, and, as was said by Judge Williams in Moore v. Pierson, supra, consented for the trial judge to determine from the evidence the issue not submitted. So, appellant waived the submission of the issue as to false answers, and whether same, if false, were material to the risk, and it must be held, if a finding thereon was necessary to the judgment, that the court found same against appellant, that is, that the false statements in the application, if any, were not made with a fraudulent intent, and were not material to the risk.

But aside from the above discussion, we think the judgment must be affirmed, because the court submitted only two issues to the jury, and there was no objection to the court's charge so submitting the case, nor was there any request for the submission of any other issues. The jury found that at the time the policy was issued and delivered the insured was in good health. The record amply supports this finding, and in fact shows that, at the time of the issuance of the insurance policy, insured "looked to be healthy and robust; that her color was good, that she did her usual work, which was heavy, such as washing, ironing and general house work, and had been able to do this from the time of the birth of her child, who was then more than five years old, up until the time that she went to see Dr. Pedigo," very shortly before her death. In fact this finding is not questioned by appellant. The reasonableness of the attorney's fee found by the jury, $100, is not complained of. In the absence of any such issue being submitted to the jury or requested to be submitted, as to the falseness of any answer made by applicant in her application for the policy or as to the materiality of any such answer, or of any objection by appellant to the court's charge, appellant cannot urge such matters here as grounds for reversal.

The judgment should be affirmed, and it is so ordered.