## FORRESTER v. SOUTHLAND LIFE INS. CO.
### No. 3664.

Court of Civil Appeals of Texas.   Amarillo.
Oct. 28, 1931.

Rehearing Denied Nov. 18, 1931.

128 

28 Griffin & Sharp, of Plainview, for appellant.

Joiner & Cook, of Plainview, for appellee.

RANDOLPH, J.

This suit was filed in the district court of Hale county, against the Southland Life Insurance Company. The plaintiff in his petition alleged that the cause of action was an effort to recover on an insurance policy issued by the defendant on the 1st day of August, 1930, upon the life of Mrs. Ruby Forrester, wife of the said Mack Forrester, in the sum of $1,000, in consideration of the payment by said Mack Forrester of the sum of $25.68 and the further sum of $25.68 to be paid annually during and through the life of said Ruby Forrester, which policy was executed and delivered to the said Ruby Forrester in writing, whereby it insured the life of said Ruby Forrester in the sum of $1,000 for the benefit of the plaintiff. That Ruby Forrester died on the 19th of November, 1930, and up to the time of her death, all of the premiums accruing and due upon said policy had been duly paid and the said Ruby Forrester had in all respects complied with the conditions and provisions of said policy. That within a reasonable time after the death of Ruby Forrester, to wit, on the 21st day of November, 1930, plaintiff gave to the defendant due notice and proof of the death of Ruby Forrester and demanded of the defendant company the payment of said policy, but that the defendant declined to do so and notified the plaintiff that it would not be bound by the policy and has failed and refused to pay same.

The record discloses that there was no provision in the policy providing for the insured to be in good health at the time the insurance policy was delivered, and no copy of the application for insurance made by Ruby Forrester and her answers to the questions therein contained was attached to the policy.

The defendant's original answer consists of a general demurrer, general denial, and a special plea setting up the application and the questions therein propounded and the answers thereto, and specially pleaded that the answers to each of said questions were false and that the said Ruby Forrester knew such answers to be false at the time she made them, willfully, with preconceived fraudulent intent, by failing to make full, complete answers to the said questions, because she well knew theretofore, on May 14, 1930, that she had called on two physicians in Plainview, Tex., and another physician in Amarillo and was informed that she had cancer of the cervix and that she and her husband then went to Mayo Brothers' Clinic for treatment and advice and were advised that an operation would do no good and that the cancer was so far advanced that no sort of treatment would do any good; that immediately after said Ruby Forrester returned from Mayo Brothers' Clinic, she made the answers set out in the application, which, being false and untrue, were made fraudulently for the purpose of inducing this defendant to issue the policy of insurance upon her life; that such misrepresentations were relied on by defendant and, being made without medical examination, the answers to said questions were material and important and necessary in considering and passing upon the application for insurance, and but for said false, untrue, and fraudulent statements, defendant would not have issued and delivered said policy of insurance.

Defendant further alleges that plaintiff herein was fully cognizant at the time he approached the soliciting agent of the condition of his wife.

Further, that the defendant acted in good faith and had no notice of the infirmities of said Ruby Forrester at the time and date of the application and the delivery of the policy.

The plaintiff urged his exceptions to the defendant's answer setting up the fraud of the insured in her answers to the questions propounded to her in said application for insurance, based upon the facts: First, that the policy contained no provision requiring insured to be in good health; and, second, that a copy of said application and answers were not attached to the policy which was delivered to the insured. These exceptions were overruled by the trial court.

This statement of the pleadings in the case is a sufficient statement to present the law questions involved on this appeal.

The questions and answers relied upon by defendant to sustain its charge of fraud and expressly pleaded by it are as follows:

"Have you ever had any tumor or disease of the breast, womb or ovaries?" To which she answered, "No."

"Are you now in good health so far as you know and believe?" To which she answered, "Yes."

"Have you any physical or mental defects or abnormalities? Give details." Which she answered, "No."

"Have you ever been under observation, care or treatment in any hospital, sanitari-

um, asylum or similar institution? If so, give details." To this she answered, "No."

"Have you ever had cancer, tumor or ulcer?" This she answered, "No."

"Have you ever consulted a physician for any other cause in the last ten years?" To which she answered, "Yes," and that this illness about which she consulted a physician was for childbirth July 9, 1922, and the duration of that was ten days, the remaining effects being good and the physician being Dr. Smith, Duncan, Okl.

To these statements she attached the following declaration:

"I hereby declare that the statements and answers as written or printed herein and in the first section of this application are full, complete and true whether by my own hand or not and I agree that they are to be considered the basis of any insurance issued hereon. I hereby authorize any physician or other person who has attended or may attend me to disclose to said insurance company any information thus acquired; and if the company desires to have me examined by its medical examiner, I hereby agree to submit myself to such examination. Dated at Plainview, Texas, the 24th day of July, 1930.

"Ruby Forrester, Applicant."

This application was dated July 24, 1930. In May, 1930, the insured was informed by Dr. Nichols and Dr. Redfern that she had cancer of the cervix and that they could do her no good, but advised her to go to Dr. John H. Vaughn of Amarillo; that he gave radium treatments and maybe he could do her some good.

Dr. Vaughn administered three radium treatments—he told her she had cancer. The three radium treatments by Dr. Vaughn occurred on May 13, 1930, the second on June 28, 1930, and the third on July 5, 1930.

The insured and her husband, Mack Forrester, then went to Mayos' Clinic on the 2d of August, 1930. The policy was delivered on the 18th day of August, 1930. August 1, 1930, was the date of the policy.

The plaintiff testifies that when he and his wife started to Mayos' Clinic, they went by Amarillo and got a letter from Dr. Vaughn to them telling them of his diagnosis and how he was treating Mrs. Forrester and that he delivered that letter to Mayos. They told them that Dr. Vaughn's diagnosis was the correct one and that his treatment was correct also, that they could not do anything for her, and they refused to operate.

■ This brief statement is sufficient for the purposes of this opinion. The appellant contends that the application made by Mrs. Forrester and her answers to the questions contained in the application were not admissible as evidence of fraud on the part of the insured, because the application and questions and answers or a copy thereof were not attached to the policy delivered to her.

This has been the rule followed by the various Courts of Civil Appeals in this state in very many decisions that are almost unanimous. American Surety Co. v. West State Bank, 4 S.W.(2d) 312; American National Insurance Co. v. Smith, 13 S.W.(2d) 720; American Indemnity Co. v. Baldwin Motor Co., 19 S.W.(2d) 848; National Life Insurance Co. v. Love, 282 S. W. 829; Southern Insurance Co. v. Nicholson, 292 S. W. 569; National Life & Accident Insurance Co. v. Collier, 31 S.W.(2d) 465; First Texas Prudential Insurance Co. v. Pedigo, 31 S.W. (2d) 854.

If this contention of the plaintiff was to be decided upon the weight of authority in this state, we would feel persuaded to follow such decisions. There appears to be but one inharmonious note in the chorus of these court decisions.

In the Pedigo Case, supra, a writ of error was granted by the Supreme Court, but on what ground we have no information, as we have not been advised that the Supreme Court has decided that case upon the writ granted.

We therefore sustain this contention of plaintiff.

■■ But there is another question that we will discuss, in view of our reversal of the case. That is, that the evidence clearly discloses that after the making of the answers by Mrs. Forrester and the filing of her application for insurance with the defendant company and before the policy was delivered to her, she and her husband visited Mayos' Clinic and there came into possession of the knowledge that she had cancer of the cervix. This information given her by the Mayo Clinic placed on her the burden of furnishing the defendant with such information she had acquired. If she did not do so, her failure was such as to avoid the policy. This is true, even though there was no stipulation in the policy requiring the applicant to be in good health. It is material that she should have furnished the plaintiff with the information that she was afflicted with a fatal disease before and at the time the policy was delivered to her.

It cannot be presumed by us that the defendant intended to insure the insured at such time as she was possessed with this fatal disease, as they had not obviated the necessity of her furnishing defendant with notice of her condition and defendant had the right to exercise its privilege of refusing to deliver the policy and to return the premium up to the time of its failure.

Prior to a loss, an insurance company has the right to rescind the policy procured through mutual mistake or fraud. 32 C. J. 1266, § 470.

The privilege thus granted the defendant might have been exercised by it on the ground of fraud, and we will now discuss the question whether or not the nondisclosure of the information obtained by insured from Mayos' Clinic was such fraud as entitled defendant to a cancellation of its policy.

It occurs to us that there could have been no other purpose in defendant asking the insured the questions propounded in the application, except to develop whether or not the insured was a good risk and the nondisclosure of the facts transpiring with the Mayo Clinic between the time of the application and the delivery of the policy by the company was very material to the risk.

In answer to this contention of defendant, the plaintiff contends that the defendant has not so pleaded in its answer 'as to present such defense.

The sole allegation which is made by the defendant in the answer as to any fraud practiced by the insured between the time of the delivery of the application to defendant and of the delivery of the policy by defendant to the insured, in our opinion, does not sufficiently plead such fraud and is as follows: "Defendant says that it has acted in good faith in all things; that it had no notice of the infirmities of the said Ruby Forrester, either at the time and date of the application and at the date of the delivery of the policy of insurance, she appearing at such times to be in a normal, healthy condition as she so represented; that at no time has it had knowledge of her critical condition prior to the date of receipt by it of proofs of death; that immediately upon receipt of said proofs of death it notified plaintiff of its refusal to be bound under the terms of the policy of insurance, as required by law, and tendered plaintiff its check for the amount of the premium upon said policy from the date of issuance and here and now tenders same to plaintiff."

The policy was dated August 1, 1930, but was not delivered to the insured until August 18, 1930.

In the case of Stipcich v. Metropolitan Life Ins. Co., 277 U. S. 318, 48 S. Ct. 512, 513, 72 L. Ed. 895, the Supreme Court of the United States, in passing upon the question of nondisclosure by the insured of matters material to the risk occurring between the date of the application and the date of the delivery of the policy, says:

"Insurance policies are traditionally contracts uberrimae fidei and a failure by the insured to disclose conditions affecting the risk, of which he is aware, makes the contract voidable at the insurer's option. Carter v. Boehm, 3 Burrows, 1905; Livingston v. Maryland Insurance Co., 6 Cranch, 274, 3 L. Ed. 222; McLanahan v. Universal Insurance Co., 1 Pet. 170, 7 L. Ed. 98; Phoenix Life Ins. Co. v. Raddin, 120 U. S. 183, 189, 7 S. Ct. 500 (30 L. Ed. 644); Hardman v. Firemen's Insurance Co. (C. C.) 20 F. 594.

"Concededly, the modern practice of requiring the applicant for life insurance to answer questions prepared by the insurer has relaxed this rule to some extent, since information not asked for is presumably deemed immaterial. Penn. Mutual Life Insurance Co. v. Mechanics' Savings Bank & Trust Co. (C. C. A.) 72 F. 413, 435–441, 38 L. R. A. 33, 70. See Clark v. Manufacturers' Insurance Co., 8 How. 235, 248, 249, 12 L. Ed. 1061. Compare Phoenix Life Insurance Co. v. Raddin, 120 U. S. 183, 190, 7 S. Ct. 500 (30 L. Ed. 644).

"But the reason for the rule still obtains, and with added force, as to changes materially affecting the risk which come to the knowledge of the insured after the application and before delivery of the policy. For even the most unsophisticated person must know that, in answering the questionnaire and submitting it to the insurer, he is furnishing the data on the basis of which the company will decide whether, by issuing a policy, it wishes to insure him. If, while the company deliberates, he discovers facts which make portions of his application no longer true, the most elementary spirit of fair dealing would seem to require him to make a full disclosure. If he fails to do so the company may, despite its acceptance of the application, decline to issue a policy, Canning v. Farquhar, 16 Q. B. D. 727; McKenzie v. Northwestern Mutual Life Insurance Co., 26 Ga. App. 225, 105 S. E. 720; or, if a policy has been issued, it has a valid defense to a suit upon it, Equitable Life Assurance Society v. McElroy (C. C. A.) 83 F. 631, 636, 637. Compare Traill v. Baring, 4 DeG., J. & S. 318; Allis-Chalmers Co. v. Fidelity & Deposit Co. of Maryland, 114 L. T. 433. Compare Piedmont & Arlington Life Insurance Co. v. Ewing, 92 U. S. 377, 23 L. Ed. 610."

See, also, Gay v. New York Life Insurance Co. (C. C. A.) 48 F.(2d) 595.

In view of this case having to be reversed upon plaintiff's first contention, we have given our views on the failure of the insured to inform the defendant of the result of the trip to Mayos' Clinic, so that, notwithstanding the insufficiency of the defendant's pleading to present the issue of fraud occurring by reason of facts in the interim, so that when the case is retried if the defendant has filed its amended pleadings to sufficiently allege such fraud on another trial and the evidence stands as it does in this record, the trial court will enter judgment for the defendant or will instruct the jury to bring in a verdict for the defendant and render its judgment accordingly.