## FIRST TEXAS PRUDENTIAL INS. CO. v. SMITH.

### No. 2350.

Court of Civil Appeals of Texas. Beaumont.
May 9, 1933.

First Motion for Rehearing Overruled May
17, 1933.

Second Motion for Rehearing Overruled May
24, 1933.

Templeton, Brooks, Napier & Brown and W. F. Nowlin, all of San Antonio, for appellant.

C. E. Barnes, of San Antonio, for appellee.

O'QUINN, Justice.

Smith sued the First Texas Prudential Insurance Company to recover on a policy of insurance issued by said company of date May 19, 1930, on the life of Myrtle Gulley in which he was named as beneficiary. He alleged the execution and delivery of the policy, the payment of the premiums, and that assured died on September 7, 1930. He further alleged that due proof of death was made and payment of the policy demanded, but that appellant refused to pay same. His prayer was for judgment for $412, the amount named in the policy, together with 12 per cent. of said amount as penalty, $250 as attorney's fees, and costs of suit.

Defendant, appellant, answered by general demurrer, general denial, and specially that the policy sued upon was of no force and could not be recovered upon for the reason that the assured, Myrtle Gulley, was at the time of the issuance and delivery of the policy, afflicted with a fatal and incurable disease, wherefore she was not in good health, which was a necessary prerequisite to the validity of the policy. It further specially answered that the assured, Myrtle Gulley, made material false representations to appellant in her application for the issuance of the policy, in that she represented that she was then in good health and had never suffered from "ulcers of any kind," and that no doctors had attended her with reference to her health, which said representations were false and were material to the risk of insurance to be assumed by appellant in issuing the policy of insurance.

By supplemental petition, appellee denied all matters alleged by appellant in its answer relating to material misrepresentations of fact in answering the questions in the application for the policy of insurance, and specially pleaded that appellant was estopped to urge such defense against appellee's right to recover because, "if in any of the answers contained in the aforesaid application for insurance, there was any misstatement of any kind or character whatsoever that defendant is estopped from pleading said statements in defense to a recovery in this suit because the answers were made and filled out and written into the application by the agent of defendant, after a full and complete disclosure to said agent of her physical condition and as to the attendance upon assured by any and every physician, and that said agent of defendant was in no wise misled, and that if any misrepresentation was made injuring defendant, it was done by defendant's own agent and defendant cannot now be heard to complain."

The case was tried to a jury upon special issues, in answer to which they found that assured was in good health on the date the policy was delivered to her, and that $150 was a reasonable attorney's fee for plaintiff's attorney for prosecuting the suit. Upon the answers of the jury, judgment was rendered for appellee for $412, the amount named in the policy, $49.44, being 12 per cent. of the principal as penalty, $17.15 interest at the rate

of 6 per cent. from September 12, 1930, to May 21, 1931, the date of the judgment, $150 as attorney's fee, and costs of suit, the judgment aggregating the sum of $628.59. Motion for a new trial was overruled, and the case is before us on appeal.

Appellant's first assignment of error asserts that it was reversible error for the court to refuse its request for an instructed verdict in its favor. The assignment is overruled. The verdict was requested on the contention that the undisputed evidence showed that assured was not in good health at the time the policy was delivered to her, and that such health condition rendered the policy of no force. The evidence raised the issue of assured's good health at the time the policy was delivered, and the court submitted the question to the jury, and they found against appellant's contention. The record supports the finding.

The second, third, fourth, and fifth assignments complain that the court erred in refusing to instruct a verdict in its favor because, it insists, assured in her application made material false representations to appellant in securing the issuance of the insurance policy, in that in answering certain material questions, she falsely stated that she had not been attended by a physician within a period of one year prior to the date of the application, and that she had never suffered from ulcers of any kind, and that she was at the time of the application in good health, all of which answers and representations were false. Appellant presented to the court its special requested issues Nos. 1, 2, and 3, inquiring as to the truth of the answers reflected by the application above mentioned, which were refused by the court. Assignments 6, 7, and 8 urge error by reason of their refusal. As these assignments complain of the same matters, we will consider them together.

As above noted, appellee pleaded estoppel against appellant's right to urge this defense. Appellant's agent that took the application for the policy was one Ben Griffin. A. D. Johnson, a witness for appellant, and who was appellant's manager at San Antonio, Tex., where the application was made and the policy issued, was shown and recognized the application, and said it was Griffin's signature to the application. He was asked: "Is that application written in his handwriting?" He answered: "It is with the exception of her signature. He asked the questions and she answered them, and he put them down." A witness for appellee, Mrs. Rankin, testified that she and deceased were friends; that deceased was visiting at her home the day the application was made out, and that the transaction took place at her home, and that she was present and heard all the conversation between the agent, Griffin, and the deceased. That the agent asked the questions and deceased answered them, and that Griffin wrote in the answers. She said she heard deceased tell Griffin that she had an operation in September prior to the application in May. Johnson, appellant's manager at San Antonio, who knew the handwriting of the agent Griffin, testified that the answers to the questions in the application were written by Griffin, and Mrs. Rankin, who was present and saw and heard what transpired at the taking of the application, testified that the agent, Griffin, asked the questions and deceased answered them, and that Griffin wrote in the answers, and that deceased told said agent about the operation she had undergone in September before. So, the undisputed evidence is that if any misstatements were written in the answers it was done by appellant's agent, and that being true, it is estopped to complain. Inter-Ocean Casualty Co. v. Brown (Tex. Civ. App.) 31 S.W.(2d) 333; Home Benefit Ass'n v. Salvato (Tex. Civ. App.) 295 S. W. 638; Southern Surety Co. v. Butler (Tex. Civ. App.) 247 S. W. 611; North American Accident Ins. Co. v. Trenton (Tex. Civ. App.) 99 S. W. 740 (writ refused); American Indemnity Co. v. Baldwin Motor Co. (Tex. Civ. App.) 19 S.W.(2d) 848.

Moreover, the law provides that every life insurance policy issued or delivered in this state shall constitute the entire contract between the parties. Article 5050, R. S. 1925. Article 5049, R. S., requires that every contract or policy of insurance shall be accompanied by a written, photographic, or printed copy of the application for such insurance policy or contract, as well as a copy of all questions asked and the answers given thereto. It is well settled that the effect of a failure to attach the application and questions and answers to a policy of insurance is to exclude them from the contract, and in that event they are not available as a defense. National Life & Accident Ins. Co. v. Collier (Tex. Civ. App.) 31 S.W.(2d) 465; National Life & Accident Ins. Co. v. Love (Tex. Civ. App.) 282 S. W. 829; Southern Ins. Co. v. Nicholson (Tex. Civ. App.) 292 S. W. 569; American Surety Co. v. West State Bank (Tex. Civ. App.) 4 S.W.(2d) 312; American Indemnity Co. v. Baldwin Motor Co. (Tex. Civ. App.) 19 S.W.(2d) 848. The agreed statement of facts herein contains the insurance policy involved, but there is not attached thereto the application and questions and answers. This policy is reflected as "Exhibit No. 1." There is in the statement of facts a copy of the application with the questions and answers. This is a separate instrument, and is shown as "Exhibit No. 3." We take it that from the manner of its appearance in the record it was not attached to the policy, and so it was not admissible in evidence to show the falsity of any answer therein. The assignments are overruled.

The ninth and tenth assignments complain that it was error for the court to render

judgment for appellee for the full amount of the policy, he having theretofore assigned a portion of said amount to the Riebe Undertaking Company. It appears that appellee had given an order on appellant to said undertaking company for a portion of the amount of the policy, but it is certain that appellant did not accept the order or in any manner agree to pay same. The contrary appears, for appellant at all times denied liability and herein wholly opposes any recovery against it. Furthermore, said undertaking company in court released its right or claim to any portion of the policy, and waived its claim, and agreed that appellee might recover for the whole of the amount involved, and it would look solely to appellee for the payment of any claim it might have against him in the premises. No error is shown and the assignments are overruled. Southwestern Telegraph & Telephone Co. v. Tucker, 98 S. W. 909; 5 Tex. Jur. § 105, pp. 519–520; 6 Tex. Jur. § 127, pp. 268–270.

The judgment should be affirmed, and it is so ordered.

Affirmed.