## BANKERS' MUT. FIRE INS. CO. OF TEXAS v. BETTS.
### No. 4033.

Court of Civil Appeals of Texas. Texarkana. July 2, 1931.

Rehearing Denied July 4, 1931.

Cecil A. Morgan and A. W. Bounds, both of Fort Worth, for appellant.

S. I. Cornett, of Daingerfield, and Bartlett & Harvey, of Linden, for appellee.

SELLERS, J.

This suit was filed by J. O. Betts as plaintiff in the district court of Cass county, Tex., July 8, 1930, against the Bankers' Mutual Fire Insurance Company as defendant, for the sum of $1,175.

The plaintiff alleged that on the 1st day of July, 1929, the Bankers' Mutual Fire Insurance Company issued to A. F. Gibson its policy of insurance upon a certain dwelling house and certain furniture contained therein; that on the 24th day of August, 1929, the property insured was destroyed by fire; that on the 14th day of January, 1930, A. F. Gibson, the insured, for a valuable consideration transferred and assigned to the said J. O. Betts, plaintiff, all the rights in and to said policy of insurance; and that said J. O. Betts by reason of said assignment was the sole owner of said policy and had exclusive right to receive payment. Plaintiff further alleged that the said A. F. Gibson on the 18th day of September, and after the loss, entered into an agreement of settlement with the Bankers' Mutual Fire Insurance Company, defendant, through its agent, G. A. King, whereby the said agent agreed that the company would pay the sum of $1,175 in settlement of all rights under the policy.

The Bankers' Mutual Fire Insurance Company, defendant, answered by general demurrer and certain special exceptions, also general denial, and pleaded specially several grounds of defense, but the following allegations are deemed sufficient to make clear the question here for disposition: "Defendant further says that in his written application to this defendant the said insured represented to this defendant that he was the sole and only owner of this property and no other person or persons owned or claimed any interest therein; that said representation was false and untrue in this, to-wit: that at the time said policy was issued there was outstanding against said real property a valid subsisting vendor's lien in the sum of $500, payable to S. C. Gibson; and the defendant says that acting upon the said representation that said property was clear of all liens and encumbrances, it issued to said A. F. Gibson its policy as aforesaid; that had it known that said representation was false it would not have issued its said policy; that said policy provides that in the event it appears that the insured is not the sole and only owner of said property said policy shall be rendered null and void; that by reason of the breach of said promissory warrant said policy of insurance was rendered null and void and of no force and effect; that all rights of the insured thereunder terminated and that by reason

thereof the plaintiff, the assignee of said insured, had no right under and by virtue of his alleged assignment of the policy."

By supplemental petition, the plaintiff further alleged as follows: "Further replying, plaintiff says that the defendant knew of the outstanding lien on said property and that if the application states that there was no lien on same, it was placed on the application by the agent of the defendant, G. A. King; that all questions asked said A. F. Gibson by defendant's agent were truthfully answered."

The case was tried by the court without a jury on September 16, 1930, and after hearing the pleadings and evidence, the court rendered judgment for the plaintiff for the sum of $1,175 with interest from September 18, 1929, at the rate of 10 per cent. per annum and at the rate of 6 per cent. per annum from the date of judgment together with all costs of suit.

In due time the Bankers' Mutual Fire Insurance Company perfected its appeal by writ of error to this court for review.

The trial court filed findings of fact and conclusions of law as follows:

"I find J. O. Betts, plaintiff herein, is the assignee, for a valuable consideration, of a policy of fire insurance on a certain house, dwelling, and household furniture belonging to one A. F. Gibson, situated at Cornett, Cass County, Texas, on which said property Bankers Mutual Fire Insurance Company of Texas, defendant herein, had issued a policy of insurance covering any loss by fire of said building and household furniture in the aggregate sum of One Thousand Four Hundred and No/100 Dollars; that said policy was issued on the 1st day of July A. D. 1929, for a period of one year from said date in consideration of the payment by the said A. F. Gibson of the premium charged thereon and that said premium had been paid by the said A. F. Gibson; that on or about the 24th day of August. A. D. 1929, and while said policy was in full force and effect there was a total destruction of said house by fire together with most of household furniture; that G. A. King, of Hughes Springs, Texas, at that time was the agent of defendant Company and through him said policy was delivered to the said A. F. Gibson; that after said loss so had on or about the 18th day of September A. D. 1929, the said G. A. King acting under authority of the defendant Company, and as Notary Public in and for Cass County, Texas, called upon the said A. F. Gibson, and through him due proof of loss of said premises was made and that the said G. A. King, as agent of said Company, and with authority of the president of defendant Company on or about the 18th day of September, A. D. 1929, adjusted the loss between the said A. F. Gibson and defendant Company at the sum of One Thousand One Hundred and Seventy-Five and No/100 Dollars.

"Conclusions of Law.

"The assignment of said policy by the said A. F. Gibson to J. O. Betts, for a valuable consideration was valid and enforceable and the proof of loss by the said A. F. Gibson, of said premises and household furniture was valid and enforceable as well as the adjustment made by G. A. King, as agent of said Company by authority of the president of said Company, with the said A. F. Gibson."

Appellant complains of the trial court's judgment in allowing interest at 10 per cent. per annum from September 18, 1929, until date of judgment, on the ground that the court's judgment was upon an oral agreed settlement of the parties which could not under the law draw interest in excess of 6 per cent. per annum. The appellee concedes this contention and has filed in this court a remittitur for the excess of 4 per cent., and the judgment will be here reformed so as to allow 6 per cent. interest from September 18, 1929, to date of judgment.

Appellant insists that the appellee is not entitled to recover any amount upon the policy issued A. F. Gibson for the reason that the said A. F. Gibson made false answers to the questions propounded in the application for the insurance. One of the questions in the application which appellant alleges was answered falsely is as follows: "How much do you owe on this land?" Answer: "None." There is no dispute in the record that the answer to this question as contained in the application is false, it appearing conclusively that there was at the time the application was taken a vendor's lien note of $550 against the premises. A. F. Gibson testified that he made correct answers to all the questions asked him by the agent of the company who wrote the answers in the application, and that it was the agent's fault that the correct answer was not placed in the application. The appellant in answer to this says that A. F. Gibson is bound by the answer written by the agent, since he signed it or caused it to be signed without having read the same. We will not undertake to decide this question, since the case turns upon an entirely different point.

The policy of insurance provides as follows: "The application made for the issuance of this policy is hereby made a part hereof, and in consideration of the statements contained in said application which are hereby warranted to be true and correct, this policy is issued and would not have been issued or delivered except for the statements and representations contained in said application, and if same are not wholly true and correct, then this policy will not become operative and the Company will only become liable for the loss or damage to the property covered by this policy to the amount of the premium paid thereon with 6% interest from date received by the said Company." The policy

was introduced in evidence, but it did not contain a written, photographic, or printed copy of the application for such insurance, nor did it contain a copy of all questions and answers given thereto in the application as required by article 5049, of R. C. S. 1925.

It is well settled in this state that if the application is not indorsed or attached to the policy as provided for by article 5049, then such application is no part of the contract between the parties notwithstanding it may be referred to in the policy as a part thereof. National Live Stock Ins. Co. v. Gomillion (Tex. Civ. App.) 178 S. W. 1050; Southern Ins. Co. v. Nicholson (Tex. Civ. App.) 292 S. W. 569. If, then, the application is no part of the contract here sued upon, it follows that all appellant's assignments of error based upon the application's being a part of the policy will be overruled.

Appellant insists that the evidence is not sufficient to authorize the finding by the court that the agent, King, had authority to bind the company with any adjustment of the loss made between the agent, King, and the insured, A. F. Gibson.

King was the local agent of the company who took the application of A. F. Gibson for the insurance. After the fire he made out the proof of loss for A. F. Gibson and represented to Gibson that he had authority to adjust the loss and agreed with Gibson to pay him the sum of $1,175 in full settlement of all claims under the policy. The policy provided: "No soliciting agent, other than the President, Vice-President, Secretary, or Treasurer, has any authority in the case of any loss under this policy to negotiate with the insured for the settlement or adjustment of said loss without written consent of the above named officers, and any statement, representations or undertaking, by any agent of this Company, other than the President, Vice-President, Secretary or Treasurer, with reference to or concerning any loss claimed under this policy shall not be binding or obligatory on the Company." This provision of the policy would, of course, make any adjustment of the loss by the agent, King, void as to the company but for the undisputed evidence of A. F. Gibson which is as follows: "I saw Mr. King after I turned over to him the proof of loss. I saw him just a few weeks ago. He was at my house then; yes, it was after the fire. When he came to my house I asked him if he could adjust the house. I asked him if he had the right to adjust it and he said yes. * * * You ask me if he showed me any instrument in writing giving him authority from the Vice-President of the Company to make adjustment with me, the Vice-President told him he had the right to do it, I mean the Vice-President of the Mutual Fire Insurance Company. You ask me which one—that one. Yes, that gentleman there (indicating). He

told me that since I have been in the court room this morning. * * * I have had a conversation today with Mr. Barnes, the Vice-President of this Company. I was out there in the court house when I had the conversation with him. There was something said about Mr. King's employment with the Company. Mr. Barnes told me,—well, I asked him whether or not Mr. King had the right to adjust this business and he said yes, he had the right."

It appears that Mr. Barnes, the vice president, had the power under the policy to grant the authority to King to make the settlement when such authority was in writing, and since the undisputed evidence is that he gave King the authority to make the settlement, it will be presumed that he gave him proper authority to adjust the loss, which was, in this instance, authority in writing.

We have not undertaken to discuss all of appellant's assignments in their order, but deem what has been said here as sufficient to dispose of this appeal, and all assignments not discussed are overruled.

The judgment of the trial court will be reformed so as to allow interest from the 18th day of September, 1929, to the date of judgment at 6 per cent. per annum instead of 10 per cent., and in all other respects the judgment will be affirmed, the costs of this appeal to be taxed against the appellee.