## WICHITA FALLS PROTECTIVE ASS'N v. LEWIS.
### No. 12690.

Court of Civil Appeals of Texas. Fort Worth.

June 25, 1932.

George & Brannan, of Wichita Falls, for appellant.

Bunnenberg & Nelson, of Wichita Falls, for appellee.

DUNKLIN, J.

The defendant, Wichita Falls Protective Association, an unincorporated association, with its principal office and place of business in Wichita county, has appealed from a judgment for $700 rendered in favor of C. C. Lewis, plaintiff, on a life insurance policy issued by the defendant on the life of the plaintiff's wife, Mrs. Carrie Bess Lewis, in which the plaintiff was named as beneficiary.

The case was tried before the court without a jury, and since the record contains no findings of fact, with conclusions of law by the trial judge, every reasonable inference in favor of the judgment and having support in the record must be indulged.

The statement of facts shows that the policy sued on, which is designated as a certificate of insurance, was issued on the 2d day of May, 1931, upon an application in writing for membership in the defendant association made on the same date in the name of Carrie Bess Lewis. In the policy Mrs. Carrie Bess Lewis was designated as a "member" of the association, and paragraph 3 of the policy reads as follows: "That said member agrees to the stipulation herein that this certificate shall only bind the Wichita Falls Protective Association, of Wichita County, to pay to the order of C. C. Lewis, husband, the sum of one dollar received from each member in good standing at the time of his or her death, said amount not to exceed $1000 should he or she die in good standing in the Wichita Falls Protective Association."

Mrs. Carrie Bess Lewis died on May 10, 1931, eight days after the policy was issued. The written application for the policy was on a printed form, the blanks in which were filled out by the plaintiff C. C. Lewis himself, who also signed his wife's name thereto with her subsequent approval and ratification. At the time the application was made and the policy was issued, plaintiff paid to the defendant association the sum of $2, and by reason of that payment the policy was in force at the time of the death of the insured.

The written application for membership made in the name of Mrs. Carrie Bess Lewis and addressed to the defendant association embodies the following:

"Physicians attended or consulted during last two years.

"Dr. ————— Address —————
I am not expecting surgical attention or anything to jeopardize my life except —————.
none

I am in good health and good physical condition except —————. I understand that misrepresentation renders this application null and void.

"Applicant Carrie Bess Lewis. Send premium notices to C. C. Lewis. Town or City Wichita Phone 4391. Remarks —————.
                                      "Carrie Bess Lewis."

Among others, the policy embodies the following provisions:

"This certificate. Witnesseth that Carrie Bess Lewis is this day admitted a member of Group A of the Wichita Falls Protective Association of Wichita County, subject to the following conditions:

"1. That the membership is based on the application, which application is filed in the office of the Wichita Falls Protective Association, and is made a part of this contract."

"It is also agreed that if any untrue statement or statements have been made with fraudulent intent in the application as to age, health, family history or any other question that would materially increase the risk assumed, this certificate becomes void and of no effect."

The testimony shows without controversy that Mrs. Lewis died as the result of cancer of the lungs, and that she had had symptoms of cancer in her system for more than two years prior to her death. Plaintiff, who was a witness on the trial, in effect admitted such to be true.

It thus appears that the statement in the application that "I am in good health and

good physical condition" was untrue; and one of the defenses made to the suit was that, since the same was false, and since the application was expressly made a part of the contract of insurance, the policy was voided under the further provision in the application reading: "I understand that misrepresentation renders this application null and void"; especially when read in connection with the provision in the policy that the membership of Mrs. Lewis in the association was based on her application; and no one not a member being entitled to insurance in the association.

The policy of insurance was not "accompanied by a written, photographic or printed copy of the application for such insurance policy or contract, as well as a copy of all questions asked and answers given thereto" as required by article 5049, Revised Civil Statutes of 1925. The policy merely stated that it was based on the application, which was filed in the office of the defendant association. In Bankers' Mutual Life Insurance Co. v. Betts (Tex. Civ. App.) 40 S.W.(2d) 935, it was held that, if the application is not indorsed and attached to the policy as provided by that article of the statutes, then it becomes no part of the contract between the parties, notwithstanding it may be referred to in the policy as a part thereof. And two other decisions are cited in support of that holding, to wit, National Live Stock Ins. Co. v. Gomillion (Tex. Civ. App.) 178 S. W. 1050, and Southern Insurance Co. v. Nicholson (Tex. Civ. App.) 292 S. W. 569, in both of which cases writs of error were refused. See, also, Henry v. Phillips, 105 Tex. 459, 151 S. W. 533.

But, aside from those decisions, it is a well-settled rule that, when a policy of insurance contains two conflicting provisions relating to liability of the insurer, one of which is favorable to the insured, and one otherwise, then the one that is favorable to the insured will be enforced to the exclusion of the other. Brown v. Pallatine Ins. Co., 89 Tex. 590, 35 S. W. 1060; Security Ins. Co. v. Sellers-Sampson-Signor Motor Co. (Tex. Civ. App.) 235 S. W. 617; Supreme Lodge, K. P., v. Wilson (Tex. Civ. App.) 204 S. W. 891; Insurance Co. v. O'Bannon, 109 Tex. 281, 206 S. W. 814, 1 A. L. R. 1407. Therefore, if the application be read into and as a part of the policy, we have a contract of insurance with one provision that the policy will be void if the statement contained in the application that the insured was in good health and good physical condition was untrue, and another provision to the effect that, although that statement was untrue, it would not invalidate the policy, unless made with a fraudulent intent. And that rule would operate in favor of the plaintiff, even in the absence of a compliance with the provisions of article 5049 of the Statutes.

According to the testimony of the plaintiff, at the time he signed the application for insurance he in good faith believed that his wife had fully recovered from any probable symptoms of cancer for which she had been treated about two years before the application was made; and that at the time the application was presented to S. D. Harper, who as the agent of the defendant solicited the insurance, he informed that agent of the former treatment for cancer, and was advised by the latter not to mention it in his application, since that trouble had passed. And further that at the time the application was made his wife apparently was in good health, and was actively engaged in the conduct of a millinery business in Wichita Falls, and that she and the witness both had scouted the idea that she had ever been afflicted with cancer, etc. There was further testimony which tended in some measure to corroborate that of the plaintiff. That testimony was sufficient to sustain an implied finding by the trial judge that the untrue statement contained in the application to the effect that Mrs. Lewis was then in good health and in good physical condition was not made with fraudulent intent on the part of either the plaintiff or his wife. And, if necessary to an affirmance of the judgment, we must imply a finding by the trial judge to that effect, notwithstanding there was other testimony which would have been ample to support a finding to the contrary. However, we concur in the contention made by appellant that the information which plaintiff said he gave Harper, the representative of the defendant, with reference to the former treatment of his wife for cancer, is not chargeable to the defendant in support of plaintiff's plea of estoppel or waiver against it to urge the defense of falsity in the statement so made in the application; since, as a matter of law, it was not in the scope of the agent's authority to thus practice a legal fraud upon his principal who had no knowledge from any other source that the statement was untrue, and who relied upon the agent to represent his principal faithfully and without bias in favor of the insured. Judd v. Lubbock Mutual Aid Association (Tex. Civ. App.) 269 S. W. 284, and authorities cited in the opinion in that case.

For the reasons noted, all assignments of error are overruled, and the judgment of the trial court is affirmed.