## FIRST TEXAS PRUDENTIAL INS. CO. v. BALDIVIA et al.
### No. 8608.

Court of Civil Appeals of Texas. San Antonio.
April 29, 1931.

Rehearing Granted and Judgment Reversed and Rendered May 27, 1931.

Templeton, Brooks, Napier & Brown, of San Antonio, for appellant.

E. B. Chambers and Bat Corrigan, both of San Antonio, for appellees.

SMITH, J.

This suit was brought by Edwardo Baldivia, the beneficiary, to recover the amount of an insurance policy issued by the First Texas Prudential Insurance Company upon the life of Rita S. Baldivia, now deceased.

In her application for insurance the assured represented that she was not pregnant. The trial court found that this representation was falsely made; that at the time she made it she was pregnant and had been so for at least one month; and that seven months later she gave birth to twins and died at the time of and because of this event. The court further found, in effect, that this representation made by the assured was material to the risk assumed by the assurer in issuing the policy. The court nevertheless rendered judgment in favor of the beneficiary for the amount of the policy upon the theory that the company had notice of the false representation but failed to cancel the policy within a reasonable time after acquiring such notice, as provided in article 5044, R. S. 1925. This conclusion was based upon the finding of fact: "That the agent of the defendant company, who solicited the application for the policy and actually accepted such application of insurance from the assured, now deceased, also collected premiums on that policy from the assured several times during each of the months of April, May, June and once in July (2nd day of July) of the year 1928. That during the term of pregnancy, the deceased, assured, Rita S. Baldivia, became big with child, and was big during the latter months of her life."

Upon this finding the court concluded as a matter of law: "That the agent of the defendant company, in collecting premiums due under the policy of insurance sued upon, from the assured, Rita S. Baldivia, should have observed the condition of pregnancy, and as such, is charged with notice of that condition existing at the time of the application for the issuance of the policy of insurance sued upon, which notice to the agent collecting the premiums is notice to the defendant company, prior to the death of the assured, and the company failing to give notice required by article 5044 of the Revised Statutes of 1925 of the cancellation of the policy and of its refusal to be bound thereby, until August 20, 1928, had failed to give the notice required by that article of the statute of the State of Texas within a reasonable time after it was charged with notice of the falsity of the representations made by the assured in the application for the policy of insurance, failing to do which the defendant company cannot urge the defense of misrepresentation made in the application against the plaintiff's claim under the policy."

We are unable to approve this conclusion, or affirm the judgment based thereon. It is conceded that the representation that the assured was not pregnant at the time she made the application upon which the policy was issued to her, was false. Not only did the court find as a matter of fact that the representation was material to the risk assumed, but it was so as a matter of law. Supreme Lodge v. Payne, 101 Tex. 449, 108 S. W. 1160, 15 L. R. A. (N. S.) 1277.

This defense could be avoided by appellee only by showing that appellant waived its right to assert it, and this appellee has not done. In the first place, she did not allege a waiver, which in itself would preclude recovery based thereon. In the second place, the facts found by the court as constituting waiver do not in our opinion support that conclusion. The bare fact that an insurance solicitor and collector had opportunities to observe the assured at intervals during the period of pregnancy, when he called upon her in the months of April, May, June, and July, 1928, to collect his premiums from her, was not sufficient to put his principal upon notice that the assured was pregnant with child on December 12, 1927, the date of her application for insurance. This is so for reasons deemed too obvious to warrant their recital in this opinion.

The judgment is reversed, and the cause remanded.

On Motion for Rehearing.

Upon further consideration, on motion for rehearing, we conclude that the findings of the trial court, and of this court in the original opinion, require that the judgment be not only reversed, but that it be rendered in favor of appellant. The facts are undisputed, appear to have been fully developed, leaving no further fact to be ascertained in the case. In such case it becomes our duty under the statutes to here render the judgment which should have been rendered below. Article 1856, R. S. 1925.

Appellant's motion for rehearing is granted, and it is ordered that the judgment of the trial court be reversed, and that judgment be here rendered that appellees take nothing by reason of their suit against appellant.