Therefore, and for that reason, the application for writ of error is refused.

## FIRST TEXAS PRUDENTIAL INS. CO. v. PEDIGO et al.

### No. 1538—5853.

Commission of Appeals of Texas, Section A. June 9, 1932.

Levy & Levy, of Galveston, and Williams, Williams, McClellan & Lincoln, of Waco, for plaintiff in error.

Conway & Scharff, of Waco, for defendants in error.

HARVEY, P. J.

This is a suit to recover on a life insurance policy issued to Mrs. Bertha Pedigo by the plaintiff in error, First Texas Prudential Insurance Company. The case was tried to a jury on special issues, resulting in a judgment against the insurance company for the amount sued for. The Court of Civil Appeals has affirmed that judgment. 31 S.W.(2d) 854.

Among other defenses, the insurance company alleged that in her application for the policy Mrs. Pedigo fraudulently and falsely represented that, at the time such application was made, she was not pregnant. This representation was pleaded as a warranty and also as a material representation upon which the company relied in issuing the policy. The application was made on September 19, 1928, and contains the statement of Mrs. Pedigo that she was not then pregnant; and a provision contained in the application purports to warrant the above statement, among others, to be true. The policy was issued on October 1, 1928, and contains a clause making same incontestable two years after date of the policy, except for nonpayment of premiums. By mere reference, the application was undertaken to be made a part of the policy. On March 4, 1929, Mrs. Pedigo gave birth to a child, and died on March 31, 1929. At the trial the insurance company, for the purpose of laying the predicate for its alleged defense of breach of warranty and its defense of misrepresentation, with respect to the pregnancy of Mrs. Pedigo, offered in evidence the application, and, specifically, the statement contained therein to the effect that Mrs. Pedigo was not pregnant. The defendants in error objected to the introduction of the application in evidence, or of the statement in question, on the ground that the application, or a copy thereof, was not attached to the policy or in anywise made a part of the policy except by reference. This objection was sustained, and the application was excluded from evi-

dence. The insurance company complains of this action of the trial court as constituting error.

■ In determining the question raised, it becomes necessary to examine various statutory provisions. Article 5049 of the Revised Statutes of 1925, provides, in part, that: "Every * * * policy of insurance issued or contracted for in this State shall be accompanied by a written, photographic or printed copy of the application for such insurance policy or contract, as well as a copy of all questions asked and answers given thereto. * * *" It has been held that this provision has effect to deprive the application of all evidentiary value, with respect both to its contractual provisions and to fact representations contained therein, unless the instrument, or a copy thereof, be attached to or accompany the policy. Southwestern Surety Ins. Co. v. Hico Oil Mill (Tex. Com. App.) 229 S. W. 479; National Live Stock Ins. Co. v. Gomillion (Tex. Civ. App.) 178 S. W. 1050. In the cases cited, policies of insurance other than life policies were involved. Article 5049 does not apply to life policies issued after December 31, 1909. American National Insurance Co. v. Welsh (Tex. Com. App.) 22 S. W.(2d) 1063. Inasmuch as the policy in controversy here was issued after the last-mentioned date, it becomes necessary to look to other statutes which bear on the question under consideration. Article 5050 reads as follows: "Every policy of insurance issued or delivered within this State * * * shall contain the entire contract between the parties, and the application therefor may be made a part thereof." In article 4732 it is provided that: "No policy of life insurance shall be issued or delivered in this State, * * * unless the same shall contain provisions substantially as follows: * * * 3. That the policy, or policy and application, shall constitute the entire contract between the parties. * * *" These two statutes, as originally passed in the year 1909, constituted a part of the same act. Construing these statutes together, it appears that the Legislature intended to require that the written instrument issued to the insured contain all the terms of the contract between the parties, whether such written instrument be made up of the policy alone, or of the policy and the application. The statutes clearly imply a denial of any contractual force to the provisions of the application, unless the application, or a copy thereof, actually accompany the policy as a part of it. This, of course, comprehends all purported warranties which the application contains. A representation, however, which is made by the insured to the insurer, and upon which the latter relies in entering into the contract, is not contractual but is collateral to the contract. It simply induces the contract. 32 C. J. 1273; 2 Cooley's Briefs on Insurance, 1128. Nothing is found in the language of these statutes to justify the conclusion that the Legislature intended to render unavailable to the insurer, as a basis for defense, any false representation contained in the application, unless the application accompany the policy as a part of it.

■ It follows from what has been said that the representation contained in the application, to the effect that Mrs. Pedigo was not pregnant, is admissible in evidence, not to prove a term of the contract, but to prove a representation upon which the insurance company relied. The falsity of such representation, if made, is conclusively established by the admitted fact that she gave birth to a child five and a half months afterwards. Supreme Lodge, etc., v. Payne, 101 Tex. 449, 108 S. W. 1160, 15 L. R. A. (N. S.) 1277. Article 5045 of the statutes provides that: "No recovery upon any life, accident or health insurance policy shall ever be defeated because of any misrepresentation in the application which is of an immaterial fact and which does not affect the risks assumed." This implies that a recovery on a life policy can be defeated because of a misrepresentation contained in the application, which is material and affects the risks assumed. We are unable to say that the error committed by the trial court, in excluding from evidence the false representation in question, is harmless. It would have been useless for the company to introduce testimony to establish facts pertaining to a defense founded on a false representation which the trial court had excluded from evidence. The fact, therefore, that the record as it appears before us does not contain testimony to prove that the false representation was material and affected the risks assumed does not signify that testimony to that effect will not be forthcoming at another trial. The state of the record is such that a consideration of the effect of the false statement, if same were innocently made, is not called for.

Because of the error pointed out above, we recommend that the judgment of the trial court, and that of the Court of Civil Appeals affirming same, be reversed, and that the cause be remanded.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.