## ROCKFORD LIFE INS. CO. v. TSCHIEDEL et al.

### No. 9079.

Court of Civil Appeals of Texas. San Antonio.

May 24, 1933.

Rehearing Denied June 21, 1933.

Terrell, Davis, Hall & Clemens and Theo. F. Weiss, all of San Antonio, and Boone & Raymer, of Corpus Christi, for appellant.

B. D. Tarlton, L. Hamilton Lowe, and Kleberg & Eckhardt, all of Corpus Christi, and H. J. Passmore, of Robstown, for appellees.

MURRAY, Justice.

The Rockford Life Insurance Company, appellant herein, instituted this suit in the district court of Nueces county, seeking cancellation of an insurance policy on the life of George Joe Tschiedel. Defendants below were Otto Tschiedel, temporary administrator of the estate of George Joe Tschiedel, deceased, and the State National Bank of Robstown. The policy was originally payable to the estate of the deceased, George Joe Tschiedel, but had been assigned to the bank.

It is pointed out by appellant that Mr. Daimwood and Mr. Russ, who were insurance agents for the company at Robstown and who were also president and cashier, respectively, of the State National Bank of Robstown, as well as stockholders and directors, acted as *agents for the insurance company* in securing George Joe Tschiedel's application for the policy involved herein; that the policy was payable to the estate of the insured; that the bank was the principal creditor of the insured, and in this way the ultimate beneficiary in such policy; that in this way the agents had such an interest in the insurance policy; and that under such circumstances Daimwood and Russ occupied the position of dual agency.

■■ It is clear that an insurance agent cannot represent his insurance company in securing an insurance policy in which he has a direct interest adverse to his company, undisclosed to his principal. In such cases it is not necessary to show actual fraud, but the law will strike down such a contract on the grounds of being against public policy. 2 C. J. 994; 48 A. L. R. 925; 32 C. J. 1071; Ferguson v. Gooch, 94 Va. 1, 26 S. E. 397, 40 L. R. A. 234; Rockford Ins. Co. v. Winfield, 57 Kan. 576, 47 P. 511.

■ However, in the case at bar it was conclusively shown by the evidence that E. L. McClure, who was general agent for appellant, directed Daimwood and Russ, before this policy was written, that in the event they wanted to write a policy on a man who was indebted to the bank for the protection of the bank, to write the policy payable to the man's estate and after the policy was issued to have it assigned to the bank. This instruction by the general agent was sufficient to take this transaction out of the general rule and in the absence of actual fraud this policy cannot be canceled.

■ It is also clear that this policy was made payable to the estate of George Joe Tschiedel. There was nothing to prevent Tschiedel from changing such beneficiary to his wife or some one else. He could have also refused to assign the policy to the bank. Under such facts the bank had no direct, enforceable interest in this policy which would strike it down on the ground of dual agency, without proof of fraud.

■ In submitting his charge to the jury on the question of fraud the trial judge asked the following question: Special Issue No. 8. "Do you find from a preponderance of the evidence, that A. E. Russ, in accepting the application of the said deceased, George Joe Tschiedel, for life insurance, made any materially false and fraudulent representations or materially false and fraudulent recommendations in his confidential report to plaintiff as an inducement to Rockford Life Insurance Company to issue an insurance policy and accept said risk?"

This issue was seasonably objected to by appellant on the ground that it was a combination of several separate and distinct issues, and, as worded, was calculated to confuse and mislead the jury, and that it did not inquire into any fraudulent concealment which Russ may have been guilty of; that it was on the weight of the evidence, and that, as worded, it submitted to the jury's decision the materiality of the representations and recommendations of Russ, thus submitting to the jury a question of law. The issue was subject to at least a part of the objections made. There were three questions clearly asked in the one issue, to wit, Were false representations made, were they material, were they made for the purpose of inducing the company to assume the risk? Rev. Civ. Stat. 1925, arts. 2189, 2190; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517.

The question did not inquire into any fraudulent concealment which Russ may have been guilty of. A specially requested charge was submitted by appellant requesting an issue on concealment. This issue should have been submitted to the jury. In 20 Tex. Jurisprudence p. 11, § 4, we find the following:

"Confidential Relation.—Confidential relations are of great importance in the law of fraud. The general rule as to their effect may be stated as follows: Agreements and transactions may be set aside where there is such a peculiar relationship of confidence and trust between the parties as justifies one in placing an absolute reliance on the representations of the other and where injury results because of the betrayal of the confidence reposed. Whenever there exists between the parties such a relationship of trust, a duty rests on the party in whom the confidence is reposed, in entering into any transaction with the other, to make a full disclosure of the other's rights in the premises and to refrain from abusing the confidence by obtaining an advantage to himself at the expense of the confiding party.

"If it is shown that an advantage has been obtained by the party occupying the position of influence or trust, it is incumbent on him to show the fairness of the transaction when it is attacked for fraud by the other party. This does not mean that one occupying a fiduciary relationship must in the first instance assume the burden of proving the fairness of the transaction; the burden of proving fraud is always on the party who alleges its existence, and this burden never shifts. But when the plaintiff alleges and proves the existence of a confidential relationship and the obtaining of an advantage by the defendant, a presumption of unfairness arises and the duty then devolves on the defendant to show that his dealings were open, fair and honest."

Under the facts in this case the concealment of a fact by Russ would be equivalent to a misrepresentation because Russ was required under the circumstances to make a full and complete disclosure of all facts in his knowledge with reference to either the physical or financial condition of Tschiedel. 37 C. J. 448; Dallas Ry. & Terminal Co. v. Garrison (Tex. Com. App.) 45 S.W.(2d) 183; Am. National Ins. Co. v. Stevens (Tex. Civ. App.) 262 S. W. 833; 20 Tex. Jur. 11.

The facts in this case show that Russ in making a confidential report to the insurance company stated that George Joe Tschiedel was reputed to be worth $2,500 and had a reputation of paying his bills promptly but Russ did not state in such confidential report that the bank had charged off about $10,000 of Tschiedel's indebtedness to the bank, which fact Russ undoubtedly knew. Clearly the question of concealment was raised by the evidence.

Special Issue No. 7, was as follows: "Do you find from a preponderance of the evidence, that George Joe Tschiedel, at the time of presenting himself for physical examination, and in answer to any of the questions propounded to him with reference to his physical condition of January 31, 1931, knowingly and falsely made any material misrepresentation of fact to the examining physician, Dr. J. M. Thompson, as to the condition of his health?"

Plaintiff objected and excepted to this issue, among other reasons, because it did not inquire as to whether or not any of the representations by Tschiedel in the application for the policy were false. The overruling of this objection by the trial judge constituted error.

At the bottom of the application which contained the answers made to the medical examiner is the following: "I hereby declare, on behalf of myself or any other person, who shall have or claim any interest in any policy issued upon this application, that, to the best of my knowledge and belief each of the foregoing answers in Part I and II of this application is full, complete, and true, and that I am in sound physical condition, and a proper subject for life insurance. I expressly waive * * * (and signed by) George Joe Tschiedel."

This application is attached to and made a part of the insurance policy. This placed a greater duty on the insured than to simply make true answers to the medical examiner. It placed upon him the further duty of seeing that such answers were properly recorded in the application and the insured should have refused to sign this certificate unless the answers were properly recorded. Supreme Lodge, Knights & Ladies of Honor v. Charles J. Payne, 101 Tex. 449, 108 S. W. 1160, 15 L. R. A. (N. S.) 1277; First Tex. Prudential Ins. Co. v. Baldivia (Tex. Civ. App.) 39 S.W. (2d) 957; Lee v. Mutual Protective Ass'n of Tex. (Tex. Civ. App.) 47 S.W.(2d) 402; First Texas Prudential Ins. Co. v. Pedigo (Tex. Com. App.) 50 S.W.(2d) 1091; First Texas Prudential Ins. Co. v. Martinez (Tex. Civ. App.) 52 S.W.(2d) 358.

There is evidence in the record that Tschiedel was not in good health at the time of making the application. Dr. Moss testified that he examined Tschiedel on September 30, 1931, and found a marked ulceration of the larynx as a result of chronic tuberculosis, which condition in his opinion had existed for at least a year or longer. Mrs. Tschiedel, wife of the deceased, testified that her husband told her that Dr. Thompson knew that he had a sore throat at the time of the examination. Mr. Oakes testified that Tschiedel told him that he did not see why Dr. Thompson passed him. From this evidence the jury might have come to the conclusion that when Tschiedel stated in his application that he was in good health, that as a matter of fact he was not. The exception to issue No. 7 was well taken and should have been sustained by the trial court.

For the error pointed out the judgment is reversed and the cause remanded.