## UNIVERSAL LIFE & ACCIDENT INS. CO. v. REED.

### No. 12317.

Court of Civil Appeals of Texas. Dallas.

March 12, 1938.

Rehearing Denied April 23, 1938.

Storey, Sanders, Sherill & Armstrong, of Dallas, for appellant.

B. Ray Smith, of Corpus Christi, for appellee.

YOUNG, Justice.

This is an appeal from a judgment following a jury trial in the county court at law, No. 2, of Dallas county, wherein Cornelia Reed, a feme sole, was plaintiff, and the Universal Life & Accident Insurance Company was defendant; the recovery being on an alleged policy of insurance upon the life of Henry Reed, a brother of plaintiff below. The pleadings of the parties, statement of facts, and briefs are quite voluminous, but appellee's case in the trial court was based upon such policy for $234, providing for double indemnity in case of accidental death. Appellee pleaded and adduced testimony in substance that, in February, 1933, the said policy was issued to her as beneficiary; that it contained a provision for double indemnity, and the representations of appellant's salesman at the time were to the same effect; that the policy in suit was kept in full force by payment of weekly premiums of 15 cents until the accidental death of Henry Reed, about September 2, 1934, following which, upon appellee's verbal notice to appellant's office of such event, an agent of appellant called on Cornelia Reed and took up the

policy and receipt book showing payment of premiums. A letter of appellee's attorney, on January 21, 1935, to the insurance company, demanding full benefits of the policy, including the statutory penalty and attorney's fee, was followed by this suit.

Appellant denied in detail the material allegations of appellee, except that such policy was issued in February, 1933, became lapsed, and was canceled in November, 1933; and as a consequence, no liability existed under the same in any amount. Appellant further denied having possession of the policy or receipt book after the death of Henry Reed, alleging that the lapsed policy originally held by appellee was in the principal amount of $234 with no double indemnity feature, as claimed; further, that the weekly rate of 15 cents was based on a maximum straight life liability of $234, and no more. Neither the receipt book nor policy sued on were in evidence upon trial.

Under issues submitted to the jury, judgment was rendered against appellant for double the face amount of the policy, with 12 per cent. penalty, $150 attorney's fees agreed upon in case of such recovery, and interest, totaling $705.05.

We have carefully reviewed the assignments and propositions of appellant, and conclude that they should be overruled, except those relating to double indemnity. The testimony here was wholly insufficient to support the finding by the jury that the original policy above mentioned contained any such provision. The application for this insurance, after being filled out, was signed by appellee on behalf of the assured, Henry Reed. This paper provided for a death benefit of $234, and is the best evidence of the contract between the parties, in the absence of the policy itself. The testimony of appellee as to the terms of the policy, or as to representations made by appellant's salesman concerning such features of the instrument in question were, under her pleading, incompetent to vary, add to, or modify the contents of the application which expressly set out that the amount accruing to appellant as a death benefit should be $234.

The judgment of the trial court is here reduced and fixed at $234, with 12 per cent. penalty of $28.20, stipulated attorney's fee of $75, or a total of $337.08, with interest at six per cent. from January 21, 1935, until paid.

Reformed and affirmed.

On Motion for Rehearing.

Appellee makes vigorous protest to our consideration, as evidence, of the contents of the signed application for insurance, under the familiar principles of law discussed in 24 Tex.Jur. (Insurance) § 374. Upon the trial herein, the policy was not in evidence, appellee rejecting the contention of appellant that the "specimen policy" introduced duplicated the printed terms of the contract sued on. Under this situation, we cannot presume the entire contract between the parties, referred to in the statutes, Articles 4732, 5050 R.S., did not include the application in question. Even when admittedly not a part of the policy, as required by law, the terms of the application, in many cases, may be availed of as a defense by the insurance company, First Texas Prudential Ins. Co. v. Pedigo et al., Tex.Com.App., 50 S.W.2d 1091; and, being signed by the assured, was properly introduced as an admission of the true character of the written contract between the parties. 17 Tex.Jur. (Evidence) § 230. What we mean to say and hold is that, under the direct and controlling facts here, the policy had no double indemnity clause, and, as a matter of law, there was no consideration for any increased benefit above the amount of $234. Appellee's motion for rehearing is therefore overruled.

Overruled.