## EXCELSIOR MUT. LIFE INS. CO. v. COLVIN.

### No. 5366.

Court of Civil Appeals of Texas. Texarkana.

Dec. 1, 1939.

Rehearing Denied Dec. 14, 1939.

R. Q. Mason, of Dallas, and W. J. Durham, of Sherman, for appellant.

R. E. Eubank, of Paris, for appellee.

JOHNSON, Chief Justice.

The Excelsior Mutual Life Insurance Company executed and delivered its policy of life insurance to W. M. McCraw, the insured, contracting to pay M. C. Colvin, his cousin, the sum of $300 upon death of the insured in consideration of the payment to the insurance company of certain premiums each and every week during the life of said McCraw. The premiums were regularly paid as they became due until and including the date of the death of the insured, which occurred on or about February 1, 1936. Proof of death was duly prepared and submitted to the company, whereupon it refused payment of any benefits under the policy, and filed this suit against the beneficiary, Colvin, tendering into court the amount of premiums paid and asking that the insurance contract be·declared void and cancelled upon the ground of fraud alleged to have been committed by the insured and the beneficiary in misrepresenting the facts in answer to certain questions contained in the application signed by the insured for insurance of the policy, and particularly so in answer to Question No. 4, wherein he answered that he would be forty years of age next birthday; and in answer to Question No. 19, wherein he answered that he had not previously suffered from paralysis. The defendant, Colvin, answered by general demurrer, special exception, general and special denial, and also filed a cross action asking judgment for the amount of the policy, $300; and for $50 attorney's fee and for 12% damages. The case was submitted to a jury upon special issues, all of which were answered against the insurance company and in favor of the beneficiary, Colvin. The court entered judgment awarding the defendant, Colvin, recovery of the sum of $300 on his cross action, and against the plaintiff insurance company. The court did not award the defendant any attorney's fee or damages upon his cross action. Plaintiff, the insurance company, has appealed.

Appellant assigns as error the action of the trial court in overruling its motion for an instructed verdict in its favor. The assignment is not sustained. We think the evidence presented an issue for the jury. Briefly, the evidence shows that the insured executed an application for the policy, at the request and under the personal supervision of the superintendent of the insurance company, who asked the questions and filled in the answers. To Question No. 4 the application shows that McCraw answered that he would be forty years of age at his next birthday. In answer to Question No. 19 he answered that he had not suffered from paralysis. Mr. J. E. Burton, witness for the insurance company, testified that he was superintendent for said company and that he personally solicited and wrote

the application for the policy. That the answers to the questions were written by him in response to replies made by both Colvin and McCraw; that from the appearance of McCraw and based upon witness' experience and knowledge as an insurance man he judged McCraw to be between thirty-nine and forty-one years of age; that he appeared to be a middle-aged man, about thirty-nine, forty, or forty-one years of age. That witness had seen persons with a stroke of paralysis and that he saw McCraw walk and did not see anything unnatural about his movement. Dr. T. C. Geron, witness for plaintiff, insurance company, testified that he treated McCraw for a slight stroke of paralysis which slightly impaired his health for a short duration about twelve years ago; that McCraw "appeared" to be about fifty-five or sixty years of age at that time. Josephine Meade testified that she was sixty-seven years of age, that she had seen McCraw about twelve times and that he "appeared" to be about middle age; that she thinks middle age is about fifty-five or sixty. There is no direct or positive evidence to contradict the statement of McCraw in the application that he would be forty years of age his next birthday. The testimony of Dr. Geron and Josephine Meade that McCraw appeared to be more than forty years of age is not so conclusive of that issue as would establish it as a matter of law so as to authorize an instructed verdict upon that issue. There is no evidence showing that McCraw was ever affected with paralysis other than a "slight" stroke which Dr. Geron testified he suffered about twelve years previously. Dr. Geron did not testify nor is it shown that McCraw knew that he was then, twelve years before, suffering from paralysis. Nor is it shown that the "slight" stroke which he had twelve years earlier, and from which he soon recovered, in any way contributed to his death or materially increased the risk. We do not think that in the circumstances here presented the misrepresentation of the insured, if such there was, would, as a matter of law, void the policy. R.S.Article 5045; Southland Life Ins. Co. v. Norton, Tex.Civ.App., 297 S.W. 1083, writ refused on other grounds, Tex.Com. App., 5 S.W.2d 767; First Texas Prudential Ins. Co. v. Pedigo, Tex.Com.App., 50 S.W.2d 1091.

Appellant assigns as fundamental error the failure of the defendant, Colvin, to allege in his cross action the relation of the insured, McCraw, to the beneficiary, Colvin. The assignment is not sustained for the reason that, should it be held that allegation of the relationship of the beneficiary to the insured was essential to appellee's cross action upon the policy, the fact was supplied in plaintiff's petition wherein it pleaded and made a part of its petition, as Exhibit A, the application which shows the required fact of relationship between the insured and the beneficiary. "Upon a general demurrer, the allegations of the adversary party may be looked to in aid of the pleading attacked." Davies v. Texas Employers Ins. Ass'n, Tex. Com.App., 16 S.W.2d 524, 525.

Appellant has made other assignments of error, all of which we have examined but do not find that any of them present reversible error.

The judgment is affirmed.