**Ray WISE**

v.

**The MUTUAL LIFE INSURANCE COMPANY OF NEW YORK.**

**Civ. A. No. B–87–01302–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

May 4, 1989.

John G. Tucker, Orgain, Bell & Tucker, Beaumont, Tex., for plaintiff.

Eileen O'Neill, Judson R. Wood, Vinson & Elkins, Houston, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

Ray Wise, the beneficiary and owner of an insurance policy, seeks payment from the defendant, Mutual of New York, for the stated value of a policy on the insured's life. The insured, the son of Ray Wise, was allegedly undergoing treatment for drug abuse and alcoholism, and had cirrhosis of the liver and gastritis at the time he applied for coverage with the defendant. According to a stipulation between the parties, the insured misrepresented these facts on the application, and according to the defendant, Ray Wise knew about these misrepresentations before he signed his own name to the application below that of his son's. Based on the insured's representations, the defendant approved the insured for a policy, and sent a copy of the policy and a copy of the application to the defendant's agent for delivery to the owner of the policy. The defendant's agent, however, placed the copy of the application and policy into a file, and forgot to deliver the document to the owner until several weeks after the insured's death. In the meantime, Ray Wise paid premiums on the policy, and the policy was considered to be in force.

Because the policy was considered to be in force, the parties stipulated that unless the misrepresentations could be used as a defense, the plaintiff would be entitled to a recovery. The defendant contends that it is not required to pay the plaintiff because the insured misrepresentated his life history on the application. The plaintiff contends that the misrepresentations cannot be used as a defense by the defendant because the defendant never delivered a copy of the application to the insured or to the owner of the policy.

Whether a failure to deliver an application will preclude a defense based upon misrepresentation will depend upon the interpretation of the Texas Insurance Code, specifically, TEX.INS.CODE ANN. art. 21.-35 (Vernon 1981). An early predecessor of this article, Art. 3096ee, passed in 1903, transformed into Art. 4951 in 1911, and transformed into Art. 5049 in 1925 (now TEX.INS.CODE ANN. art. 21.35 (Vernon 1981)), provided that a copy of the application shall accompany the policy delivered to the insured. "Every contract or policy of insurance issued or contracted for in this State shall be accompanied by a written, photographic or printed copy of the application for such insurance policy or contract, as well as a copy of all questions asked and answers given thereto." Art. 4951, R.S. 1911 (now TEX.INS.CODE ANN. art. 21.35 (Vernon 1981)). The guiding principle, which was certainly fictional in many cases, was to give the insured the opportunity to review his application and, if necessary, to repent and to correct any misrepresentations made on the application. The courts interpreted the statute to mean that unless a copy of the application was sent to the applicant, nothing misrepresented in the application could be used as a basis upon which to avoid payment to the beneficiary. *Southwestern Surety Insurance Co. v. Hico Oil Mill*, 299 S.W. 479 (Tex. Comm.App. 1921, hld'g adopted).

Within the same article, however, was a provision which excused delivery for certain life insurance applications. In 1925, this section stated, "The provisions of the foregoing articles shall not apply to policies of life insurance in which there is a clause making such policy indisputable after two years or less, provided premiums are duly paid ..." Art. 5049, R.S. 1925 (now TEX. INS.CODE ANN. art. 21.35 (Vernon 1981)). According to the Texas courts, the timely delivery of a copy of the application for a life insurance policy was not necessary to a defense of misrepresentation, assuming the life insurance policy had the requisite clause and the premiums had been duly paid. *Compare First Texas Prudential Insurance Co. v. Pedigo*, 50 S.W. 1091 (Tex.Comm.App.1932, hld'g approved) *with First Texas Prudential Insurance Co. v. Pedico*, 31 S.W.2d 854 (Tex.Civ.App.— Waco 1930), *rev'd,* 50 S.W. 1091 (Tex. Comm.App.1932, hld'g approved) (Supreme Court summarily rejected appellate court's decision to consider Art. 5049, R.S. 1925 applicable to life insurance policies).

Amended again in 1951, Art. 21.35 acquired its present form after being modified in two respects. The beginning sentence was modified to read:

*Except as otherwise provided in this code*, every contract or policy of insurance issued or contracted for in this State shall be accompanied by a written, photographic or printed copy of the application for such insurance policy or contract, as well as a copy of all questions asked and answers given thereto.

TEX.INS.CODE ANN. art. 21.35 (Vernon 1981) (emphasis added).

A "Historical Note" following the recodification stated: "Based on Vernon's Ann. Civ.St. art. 5049 (Acts 1903, p. 94; R.S. 1911, art. 4951), with the opening phrase 'Except as otherwise provided in this code' added to reconcile this provision with other policy provisions subsequently enacted from time to time." TEX.INS.CODE ANN. art. 21.35 historical note (Vernon 1981).

Also in the 1951 revision, the sentence excluding life insurance policies from various requirements was modified to read: "The provisions of Articles 21.16, 21.17, and 21.19 of this code shall not apply to policies of life insurance in which there is a clause making such policy indisputable af-

ter two (2) years or less, provided premiums are duly paid ..." TEX.INS.CODE ANN. art. 21.35 (Vernon 1981).

A "Historical Note" following the statute stated that the phrase "Articles 21.16, 21.17 and 21.19 of this code" was substituted for "the foregoing articles" in the second sentence. TEX.INS.CODE ANN. art. 21.35 historical note (Vernon 1981). Although not commented upon by the "Historical Note," the numbered, inserted articles, Articles 21.16, 21.17, and 21.19, did not touch upon the issue of delivery.

A delivery requirement for individual life insurance policies was, the plaintiff contended, the result of the change to Art. 21.35 in 1951. The plaintiff points to *Johnson v. Prudential Insurance Co. of America*, 519 S.W.2d 111 (Tex.1975), which held that a copy of the application was necessary before nonpayment could be justified on the basis of misrepresentations in an application for *group* life insurance. *Id.* Part of the *Johnson* decision rested on a provision in the group life insurance subsection which detailed an evidentiary penalty for the failure to deliver the application. *Id.* at 114 (citing TEX.INS.CODE ANN. art. 3.50, § 2(3) (Vernon 1981)). However, *Johnson* did not rest solely on this subsection, but expressly relied upon the precedent established by *Hico Oil.*

> [T]his statutory provision [TEX.INS. CODE ANN. art. 21.35 (Vernon 1981)] has been repeatedly applied to prevent the use of statements of the insured which were not attached to the policy when the insurance company has sought to avoid payment by proof that the statements were false and were fraudulently made to procure issuance of the policy.

*Johnson*, 519 S.W.2d at 114 (citing *Hico Oil*, 299 S.W. 479).

Relying heavily upon statutory omissions and "Historical Notes," the defendant contended that Art. 21.35 was amended in 1951 simply for "housekeeping" purposes. The absence in the "Historical Note" of anything relating to a desire by the legislature to change the old act or to enact a delivery requirement was, the defendant contended, proof that the change was mere "housekeeping." The defendant also pointed to the specific section of the code dealing with group life insurance which, unlike the specific sections on individual life insurance, has an explicit delivery requirement. TEX. INS.CODE ANN. art. 3.50, § 2(3) (Vernon 1981). Successful lobbying efforts by the insurance industry were, the defendant asserted, the reason for the omission of a delivery requirement from the specific sections on individual life insurance policies.

Because of the plain language in Art. 21.35 and the case law argued by the plaintiff, the court finds that the delivery of a copy of the application is required before misrepresentations can be relied upon. The newly added phrase, "[e]xcept as otherwise provided in this code," was a material change which made it clear that only codified exceptions, and not past judicial decisions, would be of importance in exempting insurance policies from a delivery requirement. Additionally, the substitution of "Articles 21.16, 21.17, and 21.19" for the "foregoing articles" represented a change from previous law; the meaning of the term "foregoing" in the summarily reversed decision by the Texas Court of Appeals was crucial to the decision not to exempt life insurance policies from a delivery requirement. *Pedico*, 31 S.W.2d at 855 (Tex.Civ.App.—Waco 1930), *rev'd*, 50 S.W. 1091 (Tex.Comm.App.1932, hld'g approved). In addition, the Fifth Circuit has restated the importance of delivery in the *Johnson* decision by emphasizing the precedent established by *Hico Oil. Johnson*, 519 S.W. 2d at 114.

Although the defendant contended that "Historical Notes" do not support a delivery requirement, they are included by the publisher primarily as research aids.[1] The

---

1. The preface to the annotated version of the Insurance Code of 1951 stated:

   The detailed Historical Comments following each article of the Code, tracing the source of the codified provisions with reference to prior laws and explaining their history and development, were prepared by Wm. J.R. King, member of the Texas and Travis County Bars. TEX.INS.CODE ANN. preface (Vernon 1952).

statute itself must be the primary source for ascertaining the meaning of the statute. Even were "Historical Notes" of legal consequence, a mere housekeeping change would likely be signified by the phrase "without substantive change" as is the case in, among other articles, TEX.INS. CODE ANN. art. 21.34 historical note (Vernon 1981). An omission from a "Historical Note" is certainly not enough to overcome a statutory change.

Another omission, that of a specific evidentiary provision in the specific sections on individual life insurance policies, does not appear to be a legislative intent to exempt the underwriters of individual life insurance policies from a delivery requirement. Article 21.35 expressly requires delivery "[e]xcept as otherwise provided in this code." TEX.INS.CODE ANN. art. 21.-35 (Vernon 1981). The absence of any reference to a delivery requirement in a specific section on individual life insurance policies does not amount to a contradiction of TEX.INS.CODE ANN. art. 21.35 (Vernon 1981). Although this anomaly may be the result of lobbying efforts, it is not the court's province to sanction achievements for lobbyists through the judicial process that could not be achieved through the legislative process.

To omit the delivery requirement would, as defense counsel candidly admitted, have allowed the agent to have held the policy for one year, eleven months, and twenty-nine days, and if that had been the date of Wise's death, the defendant could have still relied on statements contained in the application.

Judge Reavely, now of the Court of Appeals for the Fifth Circuit (while he was a Justice of the Supreme Court of Texas) said owners of policies need time to examine and to correct misrepresentations. *Johnson,* 519 S.W.2d at 113. Wise was deprived of this right by the inaction of the agent. Because the agent deprived Wise, I am unwilling to hold that Mutual of New York can deprive the beneficiary of one hundred twenty-nine thousand dollars.

Accordingly, plaintiff's motion for summary judgment is GRANTED, and defendant's motion for summary judgment is DENIED.

The newest annotated version of the code describes "Historical Notes" as one of the "familiar and time tested features of a West edited statute with additions which enhance its value as a medium of research." TEX.INS.CODE ANN. preface (Vernon 1981).