Ray WISE, Plaintiff–Appellee,

v.

The MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Defendant–Appellant.

No. 89–2560.

United States Court of Appeals, Fifth Circuit.

Feb. 12, 1990.

Rehearing Denied March 9, 1990.

Eileen F. O'Neill, Judson R. Wood, Sherie Marie Potts, Vinson & Elkins, Houston, Tex., for defendant-appellant.

John G. Tucker, Orgain, Bell & Tucker, Beaumont, Tex., for plaintiff-appellee.

Before GEE, REAVLEY and GARWOOD, Circuit Judges.

REAVLEY, Circuit Judge:

Ray Wise is the beneficiary of a policy issued by The Mutual Life Insurance Company of New York [Mutual] on the life of his son. Misrepresentations by the deceased appear on the application for the policy, but Mutual did not deliver a copy of the application to the policyholder prior to his death. The parties agree that if Mutual is entitled to assert the misrepresentations in the undelivered application, it may rescind the policy. The district court granted judgment for the beneficiary, holding that the misrepresentations could not be used under these circumstances. 714 F.Supp. 822. We take a different view of the narrow issue of Texas law, and we render judgment for Mutual.

Art. 4951 of the Texas Revised Statutes of 1911 provided, in part, that:

Every contract or policy of insurance issued or contracted for in this state shall be accompanied by a written, photographic or printed copy of the application for such insurance policy or contract, as well as a copy of all questions asked and answers given thereto.

In *Southwestern Surety Ins. Co. v. Hico Oil Mill*, 229 S.W. 479 (Tex.Com.App.1921), suit was on a fidelity bond and the surety sought to defend on the basis of false and fraudulent representations made to induce the issuance of the bond. The assured objected to the admission of the misrepresentations on the ground that the surety had failed to comply with art. 4951 and had not accompanied the bond with a copy of the false statements. The Texas court held that compliance with art. 4951 was mandatory and that the alleged false statements were inadmissible, "whether viewed as fraudulently made to induce the issuance of the policy, or as a part of a policy." 229 S.W. at 482.

A different result was reached in a later suit to recover on a life insurance policy. *First Texas Prudential Ins. Co. v. Pedigo*, 50 S.W.2d 1091 (Tex.Com.App.1932). The provisions of art. 4951 had been carried forward in the 1925 codification as art. 5049. In *Pedigo* it was held that art. 5049 (and the *Hico Oil Mill* rule) did not apply

to life policies. The court referred to two articles that did apply to life insurance:

Art. 5050: Every policy of insurance issued or delivered within this State ... shall contain the entire contract between the parties, and the application therefor may be made a part thereof.

Art. 4732: No policy of life insurance shall be issued or delivered in this State, ... unless the same shall contain provisions substantially as follows: .... 3. That the policy, or policy and application, shall constitute the entire contract between the parties....

Those statutes allow the insurer the option of attaching or not attaching the application to the policy, and "imply a denial of any contractual force to the provisions of the application unless the application, or a copy thereof, actually accompany the policy as a part of it." 50 S.W.2d at 1092. In the *Pedigo* case the application had not been attached to the policy, and the court held that the contract was subject to rescission because of the representations made in the application on which the company relied in the issuance of the policy.

We can find no change in the Texas statutes since *Pedigo* that might be helpful to the present beneficiary. Art. 5049 as it was in 1932 is now art. 21.35. Art. 5050 is now art. 21.24. The relevant part of art. 4732 is now art. 3.44(3).

These current statutes were enacted in 1951. The beneficiary urges that the new art. 21.35 applies to all life insurance policies, with the exception only of specified articles immaterial to the present controversy. The caption of the 1951 Act stated

that its purpose was to codify existing law, "preserving the substantive law as it existed immediately before the passage of this Act...." The inclusive language of the present art. 21.35 [1] remained the same as that of the predecessor art. 5049. The Texas statutory provisions continue in force which allow the insurance company the option of attaching or not attaching the application to a life policy. They are inconsistent with the dictate of art. 21.35 and, because of that inconsistency, the *Pedigo* court held that applications for life insurance policies are treated differently at the point now at issue. This federal court is not free to overturn *Pedigo* as prevailing Texas law. Our holding is consistent with the rationale of the only relevant Texas case since 1951 which we see. *Cox v. National Life and Accident Ins. Co.*, 420 S.W.2d 213 (Tex.Civ.App.—El Paso 1967).

We are directed to *Johnson v. Prudential Ins. Co. v. America*, 519 S.W.2d 111 (Tex.1975) as authority that art. 21.35 and the *Hico Oil Mill* rule now apply to life insurance policies. But *Johnson* does not deal with the *Pedigo* holding and is controlled by art. 3.50 sec. 2(3) of the Texas Insurance Code, applying to group life insurance only, which specifically requires that a copy of the application be attached to the policy and "that no statement made by any person insured shall be used in any contest unless a copy of the instrument containing the statement is or has been furnished to such person or to his beneficiary." With this express command of attachment and delivery, to decide the consequence of its violation, the *Johnson* court

---

1. Art. 21.35. Policies and Applications

Except as otherwise provided in this code, every contract or policy of insurance issued or contracted for in this State shall be accompanied by a written, photographic or printed copy of the application for such insurance policy or contract, as well as a copy of all questions asked and answers given thereto. The provisions of Articles 21.16, 21.17, and 21.19 of this code shall not apply to policies of life insurance in which there is a clause making such policy indisputable after two (2) years or less, provided premiums are duly paid; provided further, that no defense based upon misrepresentation made in the application for, or in obtaining or securing, any

contract of insurance upon the life of any person being or residing in this State shall be valid or enforceable in any suit brought upon such contract two (2) years or more after the date of its issuance, when premiums due on such contract for the said term of two (2) years have been paid to, and received by, the company issuing such contract, without notice to the assured by the company so issuing such contract of its intention to rescind the same on account of misrepresentation so made, unless it shall be shown on the trial that such misrepresentation was material to the risk and intentionally made.
Acts 1951, 52nd Leg., ch. 491.

**142**

referred to the rationale and sanction of those Texas cases where the requirement of delivery had been implied by the language (requiring attachment) of the predecessor statutes of art. 21.35. Nothing that is written in the *Johnson* opinion impinges upon the holding in *Pedigo* that the Texas statutes do not require the attachment or delivery of a copy of the application with a life insurance policy.

The judgment of the district court is reversed and judgment is here rendered in favor of the Mutual Life Insurance Company of New York.

REVERSED and RENDERED.